UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY § | | CIVIL ACTION NO.:_____ |
| AND AS REPRESENTATIVE OF THE § | | |
| THE ESTATE OF JOSE LUIS REVILLA; § | | JUDGE: _____ |
| ANDREA CELESTE GARCIA; § | | |
| JOSE L. REVILLA, JR., § | | MAG. JUDGE: _____ |
|     Plaintiffs § | | |
| § | | JURY DEMANDED |
| VS. § | | |
| § | | |
| H&E EQUIPMENT SERVICES, INC., and, § | | |
| JLG INDUSTRIES, INC. § | | |
|     Defendants § | | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant JLG Industries, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would respectfully show the Court the following:

**REMOVED CASE**

1. Prior to removal to this Court, this case was pending in the 79th Judicial District Court of Jim Wells County, Texas, as Cause No. 20-02-60191-CV ("the State Court Proceeding"). Accordingly, this case is properly removed to the Corpus Christi Division of the United States District Court for the Southern District of Texas.

**TIMELINESS OF REMOVAL**

2. This lawsuit was filed on February 7, 2020. *See* Appx. A, Doc. 1. Plaintiff initially served several Texas resident Defendants, including, Nabors Industries, Inc., Nabors Drilling Technologies USA Inc., Brett Schellenberg and Nabors Drilling USA Inc. ("the Nabors Defendants"). *See* Appx.

A, Doc. 1, 7, 8, 9, 31, 42.[1] The Nabors Defendants appeared in the State Court Proceeding. *See* Appx. A, Doc. 12, 13, 14, 26. All Texas residents eventually settled with the Plaintiffs and were dismissed when Plaintiffs filed a Nonsuit, on July 24, 2020. *See* Appx. A, Doc. 78.

3. As discussed further below, after Plaintiffs filed the Nonsuit was the first time that only diverse, non-resident Defendants were named in the case. Accordingly, this Notice of Removal is timely because neither the thirty-day limitation imposed on Defendants by 28 U.S.C. §1446(b)(3) nor the one-year limitation under 28 U.S.C. §1446(c)(1) for filing this Notice of Removal has expired.

## BASIS OF FEDERAL JURISDICTION

4. This Court has original diversity jurisdiction and removal is proper pursuant to 28 U.S.C. §1441(a) because this is a civil action between citizens of different States within the meaning of 28 U.S.C. §1332(a)(1).

5. Plaintiffs are all Texas residents and therefore are citizens of Texas. *See* Appx. A, Doc. 1at p. 2.

6. Defendant JLG Industries, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. Accordingly, JLG is a citizen of Pennsylvania.[2]

---

[1] Nabors Industries, Inc. is a Delaware Corporation with its principal place of business in Houston, Texas, according to its filings with the Texas Secretary of State. Nabors Drilling Technologies USA Inc. is also a Delaware Corporation with its principal place of business in Houston, Texas, according to its filings with the Texas Secretary of State. Brett Schellenberg lives in Corpus Christi and is therefore a Texas resident. Nabors Drilling USA Inc., which Plaintiffs attempted to join and serve in their 4th Amended Petition has been legally terminated as an entity since June 1, 2001, according to the Texas Secretary of State. When it was in existence, however, it likewise was a Delaware Corporation with its principal place of business in Houston, Texas. Accordingly, all the former Nabors Defendants are citizens of Texas.

[2] Defendant JLG Industries, Inc. was served with Plaintiffs' Third Amended Petition and filed a Special Appearance to the Jurisdiction on May 11, 2020. *See* Appx. A, Doc. 44.

7.     Defendant H&E Equipment Services, Inc. ("H&E") is a publicly traded Delaware corporation, with its principal place of business in Baton Rouge, Louisiana. Accordingly, H&E is a citizen of Delaware and Louisiana.[3]

8.     Defendant American Zurich Insurance Company is an Illinois Corporation, with its principal place of business in Schaumburg, Illinois. Accordingly, it is a citizen of Illinois.[4]

9.     Defendant Sedgwick Claims Management Service, Inc. is an Illinois Corporation, with its principal place of business in Memphis, Tennessee. Accordingly, it is a citizen of Illinois and Tennessee.[5]

10.    Defendant JLG Manufacturing, LLC was a Pennsylvania Limited Liability Company, with its principal place of business in Pennsylvania, until its dissolution in December 2018. When it was in existance, JLG Manufacturing, LLC's members were JLG Industries, Inc. and Fulton Industries, Inc. At the time of the Limited Liability Company's dissolution, each such member entity is or was a Pennsylvania corporation, with its principal place of business in Pennsylvania. Accordingly, when in existence, JLG Manufacturing, LLC was a citizen of Pennsylvania.[6]

---

[3]    Defendant H&E filed its Answer on March 10, 2020. *See*, Appx. A, Doc. 12.

[4]    Defendant American Zurich Insurance Company was named in Plaintiffs' Seventh Amended Petition and was allegedly served on May 20, 2020. *See*, Appx. A, Doc. 48, 52. It has not appeared in the case, however, and appears to have been improperly joined.

[5]    Defendant Sedgwick Claims Management Service, Inc. was named in Plaintiffs' Seventh Amended Petition and was allegedly served on May 20, 2020. *See*, Appx. A, Doc. 48, 53. This service was defective, however, as reflected by the Refusal of Service filed by the Texas Department of Insurance. *See*, Appx., Doc. 67. Accordingly, this Defendant has not been properly served and appears to have been improperly joined.

[6]    Defendant JLG Manufacturing, LLC was named in Plaintiffs' Eighth Amended Petition. See Appx. Doc. 57. There is no record of service on this Defendant having been perfected. The alleged return of service on file merely reflects that a Citation was served on the Texas Secretary of State on June 11, 2020. *See*, Appx. A, Doc. 68. The return on file does not reflect whether the Texas Secretary of State ever served the Defendant. Such a showing must accomplished through a separate Certificate of Service by the Texas Secretary of State. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96-97 (Tex. 1973). No such return has been filed. Indeed, it is difficult to envision how a

11.     The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs, because Plaintiff "seeks monetary relief over $1,000,000.00 for all their actual and punitive damages." *See* Appx. A, Doc. 57, p. 10.  Therefore, Plaintiff's claims exceed the minimum jurisdictional limits of this Court.

12.     In light of the above, complete diversity exists between all Plaintiffs and all remaining Defendants and all of the jurisdictional requirements of 28 U.S.C. §1332(a)(1) are met.

## COMPLIANCE WITH 28 U.S.C. §1446(a)

13.     In accordance with 28 U.S.C. §1446(a) and Local Rule 81, a copy of all documents required to be filed are attached including: (i) all executed process (*see* Appx. A), (ii) all pleadings on file (*see* Appx. A)[7] ; (iii) all orders signed by the state judge; (*see* Appx. A); (iv) the docket sheet (*see* Appx. B); (v) an index of matters being filed (*see* Appx. A); and (vi) a list of all counsel of record, including addresses, telephone numbers, and parties represented (*see* Appx. D).

## JOINDER OF DEFENDANTS

14.     All properly joined and served parties join in or consent to this removal as required by 28 U.S.C. § 1446(b)(2)(A).

## NOTICE TO STATE COURT

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Notice of Removal will be given to the 79th District Court of Jim Wells County, Texas, and to all counsel of record promptly after the filing of this Notice of Removal.

---

dissolved Pennsylvania limited liability company may be successfully served.  Accordingly, this Defendant has not been properly named, joined or served.

[7] Plaintiffs purportedly filed an Eleventh Amended Petition on Friday, July 24, 2020. *See* Attached Appx. C.  That Petition, however, is not reflected on the Jim Wells County District Court's Docket Sheet. *See* Attached Appx. B.

4

16. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

### **PRAYER**

WHEREFORE, Defendant JLG Industries, Inc. hereby effectuates a removal of this cause to this Honorable Court and prays that such removal be entered on the docket of this Court, and that this Court grant Defendant such other and further relief, either at law or in equity, general or special, to which Defendant may be justly entitled.

Respectfully submitted,

SHEEHY, WARE & PAPPAS, P.C.

By: _/s/ George Caflisch_
    Kyle M. Rowley
    State Bar No. 17347700
    krowley@sheehyware.com
    Giorgio "George" Caflisch
    State Bar No. 03588720
    gcaflisch@sheeyware.com
    909 Fannin Street, Suite 2500
    Houston, Texas 77010
    PHONE: (713) 951-1000
    FAX: (713) 951-1199

ATTORNEYS FOR JLG INDUSTRIES, INC.

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 28, 2020, a copy of this pleading was electronically filed with the Clerk of Court and a true and correct copy of the foregoing was served on all record of counsel as follows:

William "Bill" J. Tinning
Law OFfice of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
btinning@tinninglaw.com

J. Michael Guerra
Law Office of J. Michael Guerra
P.O. Box 1968
Alice, Texas 78333
jmguerra67@yahoo.com

Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second Street
Alice, Texas 78332
barreralawfirm@aol.com

Barbara J. Barron
Mehaffy Weber, P.C.
2615 Calder, Suite 800
Beaumont, Texas 77702
BarbaraBarron@mehaffyweber.com

                                           */s/ George Caflisch*
                                           Giorgio "George" Caflisch

3851537v1