CAUSE NO. 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR., | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|     Defendants | § | JIM WELLS COUNTY, TEXAS |

## APPENDIX "A"

## INDEX OF MATTERS BEING FILED

1.   02/07/20   Plaintiffs' Original Petition with Requests for Disclosure/Jury Demand;

7.   02/24/20   Return of Service for Brett Schellenberg;

8.   03/06/20   Return of Service for Nabors Drilling Technologies USA, Inc.;

9.   03/06/20   Return of Service for Nabors Industries, Inc.;

10.   03/06/20   Return of Service for H&E Equipment Services;

12.   03/10/20   Answer, Jury Demand and Request for Disclosure by H&E Equipment Services;

13.   03/16/20   Orig. Answer, Verified Denial and Affirmative Defenses of Nabors Industries, Inc.;

14   03/16/20   Original Answers and Affirmative Defenses of Nabors Drilling Technologies USA, Inc. and Brett Schellenberg;

15.   03/24/20   Plaintiffs' First Amended Petition with Request for Disclosures;

26.   04/13/20   Original Answer, Verified Denial, and Affirmative Defenses of Defendant, Nabors Industries, Inc. to Plaintiffs' First Amended Petition;

| 27. | 04/13/20 | Defendants Nabors Drilling Technologies USA, Inc.'s and Brett Schellenberg's Original Answers and Affirmative Defenses to Plaintiffs' First Amended Petition; |
| 28. | 04/14/20 | Plaintiffs' Third Amended Petition with Request for Disclosures; |
| 31. | 04/16/20 | Plaintiffs' Fourth Amended Petition with Request for Disclosures; |
| 34. | 04/20/20 | Return of Service on JLG Industries, Inc. |
| 35. | 04/22/20 | H&E's Motion to Return JLG Forklift to Service; |
| 36. | 04/22/20 | H&E's Proposed Order; |
| 40. | 04/28/20 | Plaintiffs' Fifth Amended Petition; |
| 41. | 04/28/20 | Court's Notice of Setting |
| 42. | 04/28/20 | Return Of Service – Nabors Drilling |
| 44. | 05/11/20 | Defendant JLG Industries, Inc.'s Special Appearance; |
| 45. | 05/11/20 | Proposed Order Granting JLG Industries, Inc.'s Special Appearance; |
| 46. | 05/11/20 | Plaintiffs' Sixth Amended Petition; |
| 47. | 05/12/20 | Defendant JLG Industries, Inc.'s Original Answer; |
| 48. | 05/15/20 | Plaintiffs' Seventh Amended Petition; |
| 52. | 05/20/20 | Return Of Service – American Zurich Insurance |
| 53. | 05/20/20 | Return Of Service - Sedgwick Claims Management |
| 54. | 05/27/20 | Letter from Judge Terrell to all Counsel |
| 57. | 06/01/20 | Plaintiffs' Eighth Amended Petition with Requests for Disclosures; |
| 59. | 06/04/20 | Rule 11 Agreement regarding written discovery; |
| 62. | 06/08/20 | Signed Order on Defendant's Motion to Release JLG Forklift back to service; |
| 65. | 06/16/20 | H&E Equipment's Special Exceptions and Answer to Plaintiffs Eight Amended Petition; |
| 67. | 06/23/20 | Letter of Refusal; |
| 68. | 06/23/20 | Return Of Service – JLG Manufacturing; |
| 78. | 07/24/20 | Notice of Nonsuit – Nabors Defendants. |

3875941v1

CERTIFIED

Filed 2/7/2020 4:54 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Maricela Rinche, Deputy

## CAUSE NO. 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR.,    Plaintiffs | § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | |
| NABORS INDUSTRIES, INC.; | § § | |
| NABORS DRILLING TECHNOLOGIES USA, INC.; | § § § | _____ JUDICIAL DISTRICT |
| BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC., | § § § § | |
| and | § § | |
| H&E EQUIPMENT SERVICES, INC.,    Defendants | § § § | JIM WELLS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and, JOSE L. REVILLA, JR. (xxx-xx-x___) (sometimes hereinafter referred to as Plaintiffs), complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); and,

**DOC. 01**

H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E), and for cause of action would respectfully show unto this Honorable Court as follows:

## I. DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**.

Defendant BRETT SCHELLENBERG is an individual who can be served at his place of employment at NABORS, 3840 E. Hwy. 44, Alice, Texas 78332, or wherever he may be found.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**.

All parties are Texas Citizens.

**DOC. 01**

### III. VENUE

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

### IV. FACTS, CAUSES OF ACTION, AND DAMAGES

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES, which company was under the supervision and control of NABORS INDUSTRIES. The forklift was put in the line and stream of commerce by Defendant H&E.

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger. Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable. That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

DOC. 01

Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident. There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence. In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES who is a parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job. Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted. In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments. There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job. This is

Page 4 of 8

**DOC. 01**

an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and

is further evidence of the intentional infliction of emotional distress and the Section 451 of the

Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his

supervisory and vice principal duties for the NABORS Defendants.

This act action is brought pursuant to both the survival and wrongful death statute as well

as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving

wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course

and scope of his employment for a worker comp subscriber at the time of this action.

In addition to the above, the NABORS defendants deliberately misrepresented and lied

about the cause and source of the late Mr. Revilla's death and said publicly that it was due to

natural causes and that he had had a heart attack when in fact they knew from the outset that he

was pinned and crushed by the aforementioned acts or omissions in amounting to negligence,

negligence per se and/or gross negligence. This was done specifically to prevent Plaintiffs from

being able to use the protections, provisions, and benefits on the workers compensation in the

State of Texas and, therefore, was and is the direct attempt to discriminate against them for

having the right to exercise under that act, which is a violation of Section 451 of the Labor Code.

This was directly harmful to the family to the deepest degree because Defendant NABORS

DRILLING TECHNOLOGIES and NABORS INDUSTRIES knew the true nature of the acts or

omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice

Texas that Mr. Revilla had in fact died as a result of a stroke.  The last ones to be informed of the

truth of this were the Plaintiffs during the commencement of the rosary for their late husband and

father with a full church of friends, relatives, and mourners already present.  The effect of this

**DOC. 01**

discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

Defendant NABORS INDUSTRIES was in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs seek all actual damages permitted by the act against NABORS DRILLING TECHNOLOGIES for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering. This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

Page 6 of 8

**DOC. 01**

## V. REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VI. DEMAND FOR JURY

Plaintiffs demand a jury trial and have tendered the appropriate fee.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Telephone:      (361) 643-9200
Facsimile:      (361) 643-9600
Email: btinning@tinninglaw.com

By:      _/s/ William J. Tinning_____

State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**DOC. 01**

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

STATE OF TEXAS
COUNTY OF JIM WELLS

I, R. David Guerrero District Clerk of Jim Wells
County, Texas do hereby certify that the fore-
going is a true and correct copy of the original
record, now in my lawful custody and possession,
filed on ___03/07/2020___ as appears
___On File___ in my office.
Witness my official hand and seal of office, this
___03/11/2020___
R. DAVID GUERRERO, District Clerk
Jim Wells County, Texas
By:_____ Deputy

Page 8 of 8

# DOC. 01

ORIGINAL

## CITATION – Personal Service

**THE STATE OF TEXAS**                          **COUNTY OF JIM WELLS**

CAUSE NO. 20-02-60191-CV

TO: BRETT SCHELLENBERG, 3840 E. HWY. 44, ALICE, TEXAS 78332

(or wherever he/she may be found) Notice to DEFENDANT         : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | FEBRUARY 7, 2020 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE |
| Parties in Suit: | MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC.; AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, ATTORNEY, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of this said court on this the 11 day of FEBRUARY , 20 20 .

R, David Guerrero, District Clerk
Jim Wells County, Texas

_____ Deputy

### Service Return

Came to hand on the _____ day of _____ , 20____ , at _____m., and executed on the _____ day of _____ , 20____ at _____ M by delivering to the within named _____ _____ in person a true copy of this citation, with attached copy(ies) of the _____ at _____

[ ] Not executed. The diligence use in finding DEFENDANT     being _____

[ ] Information received as to the whereabouts of  DEFENDANT     being_____

| | |
|---|---|
| Service Fee: $  90,00 | Sheriff/Constable |
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____ , 20__ .

_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order



DOC. 07



## AFFIDAVIT OF SERVICE

State of Texas        County of Jim Wells        79th Judicial District Court

Case Number: 20-02-60191-CV

Plaintiff:
MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE
THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L,
REVILLA, JR,,

KTA2020000351

vs.

Defendant:
NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA,
INC.; BRETT SCHELLENBERG, Individually and as Vice Principal and Area
Manager for NABORS INDUSTRIES, INC., and H&E EQUIPMENT SERVICES,
INC.

For:
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates Inc. on the 14th day of February, 2020 at 3:58 pm to be served on **Brett Schellenberg, 3840 E. HWY 44, Alice, Jim Wells County, TX 78332.**

I, Julie Baugus, being duly sworn, depose and say that on the **18th day of February, 2020 at 2:47 pm, I:**

**INDIVIDUALLY and PERSONALLY Executed,** by delivering a true copy of the Citation, Plaintiff's Original Petition with Requests for Disclosure with the date of service endorsed thereon by me, to **Brett Schellenberg** in person at the Abode address of **3840 E. HWY 44, Alice, Jim Wells County, TX 78332.**

Description of Person Served: Age: 40s, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 180, Hair: Light Brown, Glasses: N

I am over eighteen, not a party to nor interested in the outcome of the above numbered suit and that I am certified to serve civil process. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true and correct. I am familiar with the Rules of Civil Procedure. I have never been convicted of a Felony or Misdemeanor involving Moral Turpitude.

NOTARY PUBLIC IN AND FOR
THE STATE OF _Texas_

Subscribed and Sworn to before me on
the ___ day of _____, 2020
by the affiant who is personally known to me.

NOTARY PUBLIC

SHARON LYNN PENNINGTON
Notary Public, State of Texas
Comm. Expires 10-16-2022
Notary ID 129996852

**Julie Baugus**
PSC-7831 Exp: 11-30-2021

**Kim Tindall & Associates Inc.**
16414 San Pedro Suite 900
San Antonio, TX 78232
**(210) 697-3400**

Our Job Serial Number: KTA-2020000351

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

# DOC. 07

Filed 3/6/2020 10:03 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

ORIGINAL

## CITATION – Personal Service

THE STATE OF TEXAS                                        COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: NABORS DRILLING TECHNOLOGIES USA, INC. BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM,
1999 BRYAN ST , STE  900, DALLAS, TEXAS 75201

(or wherever he/she may be found) Notice to DEFENDANT     : You have been sued. You may employ an attorney. If
you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A M on the first
Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

| Court. | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No. | 20-02-60191-CV |
| Date of Filing· | FEBRUARY 7, 2020 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE |
| Parties in Suit· | MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS NABORS INDUSTRIES, INC , NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC , AND H&E EQUIPMENT SERVICES, INC |
| Clerk: | R. David Guerrero, District Clerk, 200 N  Almond St., Ste  207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney· | WILLIAM J. TINNING, ATTORNEY, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of this said court on this the _11_ day of _FEBRUARY_ , 20 _20_ .

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY _____ , Deputy

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m , and executed on the
_____ day of _____, 20___ _____ M by delivering to the  within  named
_____
_____ in person  a true copy of this citation, with attached copy(ies) of
the _____at

[ ] Not executed  The diligence use in finding DEFENDANT     being _____
_____

[ ] Information received as to the whereabouts of  DEFENDANT     being_____
_____

| Service Fee: $ 90.00 | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is
subscribed on the foregoing instrument and who has stated· upon penalty of perjury, I attest that the foregoing instrument has been executed by me
In this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the
outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process
Subscribed and sworn to before me on this the _____ day  of _____, 20___

_____Notary Public

** Service by Rule 106 TRC If directed by attached Court Order

# DOC. 08

POSTED

## RETURN OF SERVICE

State of Texas                    County of Jim Wells                    78th Judicial District Court

Case Number: 20-02-60191-CV

KTA2020000352

Plaintiff
MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE THE ESTATE
OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L, REVILLA, JR,,

-vs

Defendant
NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT
SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS
INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.

For
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates Inc on the 14th day of February, 2020 at 4 07 pm to be served on Nabors Drilling
Technologies USA, Inc. by serving its Registered Agent, CT Corporation Systems, 1999 Bryan St., Ste 900, Dallas, Dallas
County, TX 75201.

I, Carlos Barrera, do hereby affirm that on the 18th day of February, 2020 at 9:30 am, I:

EXECUTED by delivering to, Nabors Drilling Technologies USA, Inc., a true copy of the Citation, Plaintiff's Original Petition with
Requests for Disclosure with the date of service endorsed thereon by me, to: **Teri Thongsavat**, **Authorized Agent** at the address
of  **1999 Bryan St , Ste 900, Dallas, Dallas County, TX 75201**, who is authorized to accept service for **Nabors Drilling
Technologies USA, Inc.**

Description of Person Served: Age. 30, Sex; F, Race/Skin Color White, Height  6'6", Weight: 160, Hair Light Brown, Glasses: N

UNDER PENALTY OF PERJURY   "My name is _____ **Carlos Barrera**_, my date of birth is __7-14-53_____ and
address regarding service  is 400 Mann Street Suite 902, Corpus Christi, Texas 78401. I declare under penalty of perjury that the
foregoing is true and correct.

Executed in ___DALLAS___ County, State of Texas, on this _18_ day of _FEB_____, 20 _20_.

_____
Carlos Barrera
PSC-5305 Exp: 6-30-2020

Kim Tindall & Associates Inc.
16414 San Pedro Suite 900
San Antonio, TX 78232
(210) 697-3400

Our Job Serial Number: KTA-2020000352

Copyright © 1992-2020 Database Services Inc - Process Server's Toolbox V8 1c

# DOC. 08

ORIGINAL

## CITATION – Personal Service

THE STATE OF TEXAS                                    COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: NABORS INDUSTRIES, INC. BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM,
1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201

(or wherever he/she may be found) Notice to DEFENDANT     : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | FEBRUARY 7, 2020 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE |
| Parties in Suit: | MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC.; AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, ATTORNEY, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of this said court on this the 11 day of FEBRUARY , 20 20 .

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY: _____ Deputy

### Service Return

Came to hand on the _____ day of _____, 20 ___ , at _____m., and executed on the _____ day of _____, 20___ , at _____ M by delivering to the  within  named

_____

_____ in person  a true copy of this citation, with attached copy(ies) of the _____ at
_____ .

[ ] Not executed. The diligence use in finding DEFENDANT     being _____

[ ] Information received as to the whereabouts of  DEFENDANT     being_____

| | |
|---|---|
| Service Fee: $ 90.00 | Sheriff/Constable |
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____, 20___ .

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order





DOC. 09

## RETURN OF SERVICE

State of Texas                      County of Jim Wells                      79th Judicial District Court

Case Number: 20-02-60191-CV


KTA2020000353

Plaintiff
MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE THE ESTATE
OF JOSE LUIS REVILLA, ANDREA CELESTE GARCIA; JOSE L, REVILLA, JR,,

vs.

Defendant
NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT
SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS
INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.

For
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates Inc  on the 14th day of February, 2020 at 4:14 pm to be served on **Nabors Industries, Inc. by
serving its Registered Agent, CT Corporation Systems, 1999 Bryan St., Ste 900, Dallas, Dallas County, TX 75201.**

I, Carlos Barrera, do hereby affirm that on the 18th day of February, 2020 at 9:30 am, I:

EXECUTED by delivering to, Nabors Industries, Inc , a true copy of the Citation, **Plaintiff's Original Petition with Requests for
Disclosure** with the date of service endorsed thereon by me, to: **Teri Thongsavat .   Authorized Agent** at the address of: **1999
Bryan St., Ste 900, Dallas, Dallas County, TX 75201,** who is authorized to accept service for  **Nabors Industries, Inc..**

Description of Person Served: Age: 30, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 160, Hair: Light Brown, Glasses: N

UNDER PENALTY OF PERJURY.   "My name is ___**Carlos Barrera**___ , my date of birth is __7-14-58__ and
address regarding service  is 400 Mann Street Suite 902, Corpus Christi, Texas 78401. I declare under penalty of perjury that the
foregoing is true and correct

Executed in ___DALLAS___ County, State of Texas, on this _19°_ day of __Feb__ 20_20_

_(signature)_
**Carlos Barrera**
PSC-5305 Exp: 6-30-2020

**Kim Tindall & Associates Inc,**
16414 San Pedro Suite 900
San Antonio, TX 78232
(210) 697-3400

Our Job Serial Number: KTA-2020000353

Copyright © 1992-2020 Database Services, Inc - Process Server's Toolbox V8.1c

# DOC. 09

Filed 3/6/2020 10:41 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

ORIGINAL

## CITATION – Personal Service

THE STATE OF TEXAS                                                    COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: H&E EQUIPMENT SERVICES. INC. BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM,
1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201

(or wherever he/she may be found) Notice to DEFENDANT : You have been sued. You may employ an attorney. If
you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first
Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
| --- | --- |
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | FEBRUARY 7, 2020 |
| Document: | PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE |
| Parties in Suit: | MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC.; AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, ATTORNEY, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of this said court on this the 11 day of FEBRUARY , 20 20 .

R, David Guerrero, District Clerk
Jim Wells County, Texas

BY _____ Deputy

### Service Return

Came to hand on the _____ day of _____ , 20 ___ , at _____ m., and executed on the
_____ day of _____ , 20 _____ M by delivering to the within named

_____

_____ in person a true copy of this citation, with attached copy(ies) of
the _____ at

_____ .

[ ] Not executed. The diligence use in finding DEFENDANT being _____

[ ] Information received as to the whereabouts of DEFENDANT being _____

| Service Fee: $ 90.00 | | Sheriff/Constable |
| --- | --- | --- |
| | | County, Texas |
| Service ID No. | | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is
subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me
in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the
outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____ , 20 ___ .

_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

AFFIDAVIT ATTACHED

DOC. 10

POSTED

## RETURN OF SERVICE

State of Texas                     County of Jim Wells                     79th Judicial District Court

Case Number 20-02 60191-CV


KTA2020000354

Plaintiff
MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE THE ESTATE
OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L, REVILLA, JR,,

vs

Defendant
NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT
SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS
INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.

For
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates Inc on the 17th day of February, 2020 at 9:00 am to be served on H&E Equipment Services, Inc by serving its Registered Agent, CT Corporation Systems, 1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201.

I, Carlos Barrera  do hereby affirm that on the 18th day of February, 2020 at 9:30 am, I:

EXECUTED by delivering to, H&E Equipment Services Inc, a true copy of the **Citation, Plaintiff's Original Petition with Requests** for Disclosure with the date of service endorsed thereon by me, to: **Teri Thongsavat, Authorized Agent** at the address of: **1999 Bryan St , Ste 900, Dallas, Dallas County, TX 75201**, who is authorized to accept service for **H&E Equipment Services Inc.**

Description of Person Served, Age  30, Sex, F, Race/Skin Color: White, Height: 5'6", Weight: 160, Hair: Light Brown, Glasses: N

### Carlos Barrera

UNDER PENALTY OF PERJURY:   " My name is _____ , my date of birth is _7-14-58_____ , and address regarding service  is 400 Mann Street Suite 902, Corpus Christi, Texas 78401. I declare under penalty of perjury that the foregoing is true and correct

Executed in  _DALLAS_____  County, State of Texas, on this _19_ day of _FEB_____ , 20 _20_.

Carlos Barrera
PSC-5305 Exp: 6-30-2020

Kim Tindall & Associates Inc.
16414 San Pedro Suite 900
San Antonio, TX 78232
(210) 697-3400

Our Job Serial Number: KTA-2020000354

Copyright © 1992-2020 Database Services, Inc  - Process Server's Toolbox V8 1c

# DOC. 10

Filed 3/10/2020 10:07 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

CAUSE NO: 20-02-60191-CV

| | | |
|---|---|---|
| MELBE M. REVILLA, Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L REVILLA, JR. | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | JIM WELLS COUNTY, TEXAS |
| NABORS INDUSTRIES, INC., ET. AL. | § | 79TH JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

COMES NOW, H&E Equipment Services, Inc., hereinafter referred to as Defendant, and files this Original Answer in response to the Plaintiffs' Original Petition and would show the court as follows:

### I.

Defendant enters a general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure.

### II.

Defendant invokes the affirmative defense of contributory negligence and the proportionate responsibility framework of Chapter 33 of the Texas Civil Practice and Remedies code with respect to the conduct of Mr. Revilla. Defendant likewise invokes the proportionate responsibility framework of Chapter 33 of the Texas Civil Practice and Remedies code with respect to any conduct of the other defendants named in this lawsuit, with respect to the conduct of any responsible third parties who are subsequently designated, and with respect to any and all "settling person[s]" as that term is defined by the Texas Civil Practice and Remedies Code.

1759126_1.docx

# DOC. 12

## III.

The imposition of exemplary damages under the facts and circumstances of this case violates the United States Constitution and the Texas Constitution. Alternatively and subject to the foregoing, Defendant invokes any and all limitations on damages sought in this matter that are found in Chapter 41 of the Texas Civil Practices and Remedies Code and elsewhere under applicable law, including but not limited to the limitation on the amount of such damages set forth in §§41.007 & 41.008, the heightened evidentiary standards in §41.003, any applicable factors precluding the recovery of such damages found in §41.004, the right to a bifurcated trial on the issue of exemplary damages in §41.009 (which Defendant retains but has not at this juncture requested), and the jury instruction requirements of §§41.010, 41.011 & 41.012.

## IV.

Further answering, and in the alternative, Defendant states that it is entitled under Chapter 33 of the Civil Practices and Remedies Code to a credit of any and all settlement amounts paid by any other party and/or Defendant as a result of the occurrence made the basis of this lawsuit.

## V.

Defendant further seeks a reduction of any alleged damages claimed, if any, by the Plaintiff pursuant to Chapter 33 of the Civil Practices and Remedies Code, including but not limited to Sections §33.012 and §33.013 et seq. of the Civil Practices and Remedies Code.

## VI.

Pleading further and in the alternative, Defendant pleads the affirmative defense of misuse.

2

1759126_1.docx

# DOC. 12

## VII.

Pleading alternatively in accordance with the Texas Rules of Civil Procedure, the occurrence in question as well as the alleged damages claimed were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible. Accordingly, in addition to the defense of proportionate responsibility, Defendant is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

## VIII.

Answering further herein, Defendant would show that while not admitting liability, which is specifically denied herein, to the extent necessary, Defendant pleads that any claim for loss of earnings, loss of earning capacity or loss of contributions of a pecuniary value must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax law. TEX. CIV. PRAC. & REM. CODE §18.091. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

## IX

Answering further herein, Defendant would show that while not admitting liability, which is specifically denied herein, to the extent necessary, Defendant pleads the defenses of contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, as well as other applicable laws and statutes, again while Defendant simultaneously denies any and all liability alleged against it.

3

DOC. 12

**X.**

Defendant invokes the defense of failure to mitigate and/or that if Plaintiffs have failed to make and perfect any available claim for insurance, including worker's compensation insurance, or any other available method for reducing Plaintiffs' damages, then Plaintiffs have failed to mitigate such damages as required, and recovery for such damages, if any, should be reduced on that basis.

**XI.**

Pleading further and in the alternative, Plaintiffs have made an election of remedies by applying for and accepting benefits under a worker's compensation policy subscribed to by Decedent's employer at the time of the incident giving rise to this lawsuit

**XII.**

Pleading further and in the alternative, Defendant is a non-manufacturing seller and is therefore not liable for any alleged harm caused to Plaintiffs pursuant to Section 82.003 of the Texas Civil Practice and Remedies Code. Defendant is further entitled to statutory indemnity from the manufacturer of the equipment at issue in this case pursuant to Section 82.002 of the Texas Civil Practice and Remedies Code.

**XIII.**

Pleading further and in the alternative, Defendant seeks presumption and a finding of no liability pursuant to Section 82.008(a) of the Texas Civil Practice and Remedies Code to the extent the equipment at issue complied with all applicable federal safety standards and regulations applicable at the time of manufacture.

1759126_1.docx

**DOC. 12**

### XIV.

For any claims for lost wages or loss of earning capacity, Defendant invokes the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

### XV.

Further answering, and in the alternative, Defendant pleads the limitations applicable to prejudgment interest in Chapter 304 of the Texas Finance Code and the limitations on pre-judgment interest contained in the Texas Civil Practice and Remedies Code.

### XVI.

Further answering, and in the alternative, Defendant invokes Section 41.0105 of the Texas Civil Practices and Remedies Code and Defendant requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses incurred that the evidence to provide such loss must be limited to the amount actually paid or incurred by or on behalf of the Plaintiff. Defendant further requests the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by the Plaintiff are limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

### XVII.

Further answering, and in the alternative, Defendant pleads the inferential rebuttals of unavoidable accident, sole proximate cause, and new and independent cause.

5

**DOC. 12**

## XVIII.

Pleading further and in the alternative, if the equipment at issue created any danger – any danger being expressly denied by this Defendant – such danger was open and obvious and apparent at all times material and, therefore, this Defendant owed no legal duty.

## XIX.

Pleading further, and in the alternative, Defendant asserts the "learned intermediary" doctrine and that the equipment at issue was sold or supplied to or, alternatively owned or operated by a sophisticated user.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of the service of this request, the information described in Rules 194.2(a)-(l).

## JURY DEMAND

Defendant respectfully requests a trial by jury and hereby tenders the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant H&E Equipment Services, Inc. prays that Plaintiffs' claims against Defendant be dismissed, for costs, and other such relief, at law and in equity, to which Defendant may show itself to be justly entitled.

1759126_1.docx

**DOC. 12**

Respectfully submitted,

**MEHAFFYWEBER P.C.**

By: _____

Barbara J. Barron
State Bar No. 01817250
P.O. Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5729
**ATTORNEYS FOR H&E EQUIPMENT SERVICES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to Plaintiff's counsel of record and all known defense counsel on this the _____ day of March, 2020 via electronic service.

_____
Barbara J. Barron

7

1759126_1.docx

**DOC. 12**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREW CELESTE GARCIA; AND | § | |
| JOSE L. REVILLA, JR. | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; NABORS INDUSTRIES, | § | |
| INC.; BRETT SCHELLENBERG, | § | |
| INDIVIDUALLY AND AS VICE | § | |
| PRINCIPAL AND AREA MANAGER | § | |
| FOR NABORS INDUSTRIES, INC.; AND | § | |
| H&E EQUIPMENT SERVICES, INC. | § | |
| Defendants | § | 79th JUDICIAL DISTRICT |

**ORIGINAL ANSWER, VERIFIED DENIAL, AND AFFIRMATIVE DEFENSES
OF DEFENDANT, NABORS INDUSTRIES, INC.**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Nabors Industries, Inc. ("NII"), files its Original Answer, Verified Denial, and

Affirmative Defenses to Plaintiffs' ("Plaintiffs"), Melba M. Revilla, Individually and As

Representative of the Estate of Jose Luis Revilla, Andrea Celeste Garcia, and Jose Revilla, Jr.'s

Original Petition as follows:

**I.
GENERAL DENIAL**

1.      Defendant assert a General Denial as authorized by Rule 92 of the Texas Rules of

Civil Procedure, and respectfully requests that the Court and Jury require Plaintiffs to prove their

claims, charges and allegations by that standard of evidence as required by the Constitution and

Laws of the State of Texas and the Constitution and Laws of the United States of America.

# DOC. 13

## II.
## VERIFIED DENIAL

2.      Defendant, Nabors Industries, Inc. is not a proper party to this suit, and specifically denies that it is liable to Plaintiff in any capacity and/or in the capacity which it has been sued.

## III.
## AFFIRMATIVE DEFENSES

3.      Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of the Decedent.

4.      Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendant had no right of control nor for whom or for which Defendant is legally responsible.  Accordingly, Defendant is entitled to a jury instruction on new and independent or superseding causes.

5.      Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiffs, any such liability being expressly denied, Defendant is entitled to a reduction for the negligence, liability, fault or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

6.      Pleading further and in the alternative, Defendant would show that it is entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs and any person or entity not a party to this litigation.

**DOC. 13**

7.      Pleading further and in the alternative, Defendant would show that the injuries and/or damages allegedly sustained by Plaintiffs herein were caused, in whole or in part, by occurrences prior or subsequent to the occurrence at issue.

8.      Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiffs, any such liability being expressly denied, Defendant is entitled to contribution, credit, and/or indemnity, as provided by applicable laws and statutes.

9.      Pleading further and in the alternative, Defendant asserts that Plaintiffs' claims for damages, if any, were the result solely of an unavoidable accident and/or open and obvious conditions for which Defendant cannot be held liable.

10.     Further, Defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, release, payment, credit, offset, and waiver.

11.     Defendant further pleads Chapter 33 of the Texas Civil Practice and Remedies Code and respectfully requests the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Decedent, and accord the Defendant full benefit of Chapter 33 of the Texas Civil Practice and Remedies Code and its subparts.  Defendant is entitled to a percentage reduction based upon a determination of the relative fault of all persons and party joint tortfeasors and a credit and offset for the amount of money paid to Plaintiffs by any alleged joint tortfeasor who is not party to the suit at time of trial.

12.     Pleading further and in the alternative, Defendant, specifically NII, asserts that Plaintiffs' sole remedies against same are governed by the applicable state and/or federal workers' compensation laws such that the Court should dismiss Plaintiffs' claims against it with prejudice. *See* Tex. Lab. Code § 408.001(a); *See also Wingfoot Enters. V. Alvarado*, 111 S.W.3d 134, 137-

# DOC. 13

138 (Tex. 2003) (Where the Supreme Court of Texas found that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage against the employer for a work-related injury sustained by the employee).

13.     Defendant further invokes the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

14.     Defendant further invokes the limitation contained in Section 41.0105 of the Texas Civil Practices and Remedies Code as to the recovery of medical and health care expenses.

15.     Further, Defendant invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practices and Remedies Code. Pursuant to Section 41.008 of the Texas Civil Practices and Remedies Code, such limitations may not be known to the jury.

16.     Pleading further and in the alternative, Defendant avers that it is not liable to Plaintiffs for any potential claim for gross negligence because Decedent's death was not caused by or through the acts or omissions of any vice principal of Defendant(s), nor were any alleged acts of gross negligence ratified or authorized by Defendant(s).

17.     Pleading further and in the alternative, and with respect to Plaintiffs' alleged claim for punitive or exemplary damages, Defendant asserts the limitations of Chapter 41 of the Civil Practice and Remedies Code and would further show that such damages are inappropriate and impermissible under law due to the following:

   a.   That punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt.  The failure to require same is a denial of due process and a denial of equal protection under the law as prescribed by the United States Constitution and the Constitution of the State of Texas.

**DOC. 13**

b.  An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

c.  It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

d.  Punitive and/or exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

e.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its fact and in application, it denies Defendants due process and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

g.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting and ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

h.  An award of punitive and exemplary damages would violate the excessive fines clause of the Eight Amendment as applied to the Fourteenth Amendment of the United States Constitution.

18.  Defendant respectfully reserves the right to file an amended Answer in this case in the manner authorized by Rules 63 and 66 of the Texas Rules of Civil Procedure.

19.  Plaintiff's claims are subject to mandatory, binding arbitration; and as such this suit must be abated and/or dismissed.

# DOC. 13

### III.
### JURY DEMAND

20.     Subject to the defense of arbitration as set forth above, Defendant respectfully demands a trial by jury on all contested issues of fact.

**<u>PRAYER</u>**

Defendant prays that Plaintiffs takes nothing, that Defendant be dismissed from this suit with prejudice and at the Plaintiffs' sole costs, and that Defendant be granted all relief, at law and in equity, to which Defendants may show that they are justly entitled.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Thomas J. Smith*
Thomas J. Smith
  State Bar No. 00788934
  tsmith@gallowaylawfirm.com
Kelly C. Hartmann
  State Bar No. 24055631
  khartmann@gallowaylawfirm.com
Denise N. Kruse
  State Bar No. 24066400
  dkruse@gallowaylawfirm.com
Trenton J. Wallis
  State Bar No. 24113454
  twallis@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777

**ATTORNEYS FOR DEFENDANT**
**NABORS INDUSTRIES, INC.**

# DOC. 13

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 16th day of March 2020, as follows:

<u>***Via E-Service:***</u>
William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78734

**LEAD ATTORNEY FOR PLAINTIFFS**

<u>***Via E-Service:***</u>
J. Michael Guerra
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333

**CO-COUNSEL FOR PLAINTIFFS**

<u>***Via E-Service:***</u>
Charles Barrera
LAW OFFICE OF CHARLES L. BARRERA
700 E. Second Street
Alice, Texas 78332

**LOCAL COUNSEL FOR PLAINTIFFS**

*/s/ Trenton J. Wallis*
Thomas J. Smith
Kelly C. Hartmann
Denise N. Kruse
Trenton J. Wallis

**DOC. 13**

CAUSE NO.  20-02-60491-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREW CELESTE GARCIA; AND | § | |
| JOSE L. REVILLA, JR. | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; NABORS INDUSTRIES, | § | |
| INC.; BRETT SCHELLENBERG, | § | |
| INDIVIDUALLY AND AS VICE | § | |
| PRINCIPAL AND AREA MANAGER | § | |
| FOR NABORS INDUSTRIES, INC.; AND | § | |
| H&E EQUIPMENT SERVICES, INC. | § | |
| Defendants | § | 79th JUDICIAL DISTRICT |

## **VERIFICATION**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Trenton J. Wallis, who being by me duly sworn on his oath, deposed and said the following:

"My name is Trenton J. Wallis and I am counsel representing Nabors Industries Inc., and I have the authority to sign this Verification. I have read Defendant Nabors Industries Inc.'s Verified Denial, and the facts stated in paragraph 2 therein are true and correct."

Trenton J. Wallis

SUBSCRIBED AND SWORN TO BEFORE ME on March 16, 2020, to certify which, witness my hand and official seal of office.

ELIZABETH HEADLEY
Notary Public, State of Texas
Comm. Expires 10-24-2022
Notary ID 129920585

Notary Public in and for the State of Texas

My Commission Expires: 10-24-2022

**DOC. 13**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREW CELESTE GARCIA; AND | § | |
| JOSE L. REVILLA, JR. | § | |
|      *Plaintiffs* | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; NABORS INDUSTRIES, | § | |
| INC.; BRETT SCHELLENBERG, | § | |
| INDIVIDUALLY AND AS VICE | § | |
| PRINCIPAL AND AREA MANAGER | § | |
| FOR NABORS INDUSTRIES, INC.; AND | § | |
| H&E EQUIPMENT SERVICES, INC. | § | |
|      Defendants | § | 79th JUDICIAL DISTRICT |

**ORIGINAL ANSWERS AND AFFIRMATIVE DEFENSES OF DEFENDANTS, NABORS
DRILLING TECHNOLOGIES USA, INC.
AND BRETT SCHELLENBERG**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Nabors Drilling Technologies USA, Inc. ("NDTUSA"), and Brett
Schellenberg, Individually and as alleged Vice Principal and Area Manager for Nabors
("Schellenberg") (collectively "Defendants"), file their Original Answer and Affirmative Defenses
to Plaintiffs' ("Plaintiffs") Melba M. Revilla, Individually and As Representative of the Estate of
Jose Luis Revilla, Andrea Celeste Garcia, and Jose Revilla, Jr.'s Original Petition as follows:

## I.
## GENERAL DENIAL

1.    Defendants assert a General Denial as authorized by Rule 92 of the Texas Rules of
Civil Procedure, and respectfully requests that the Court and Jury require Plaintiffs to prove their
claims, charges and allegations by that standard of evidence as required by the Constitution and
Laws of the State of Texas and the Constitution and Laws of the United States of America.

1

**DOC. 14**

## II.
## AFFIRMATIVE DEFENSES

2.      Pleading further and in the alternative, Defendants would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of the Decedent.

3.      Pleading further and in the alternative, Defendants would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendants had no right of control nor for whom or for which Defendants are legally responsible.  Accordingly, Defendants are entitled to a jury instruction on new and independent or superseding causes.

4.      Pleading further and in the alternative, Defendants would show that in the event it is found liable to Plaintiffs, any such liability being expressly denied, Defendants are entitled to a reduction for the negligence, liability, fault or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

5.      Pleading further and in the alternative, Defendants would show that it is entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs and any person or entity not a party to this litigation.

6.      Pleading further and in the alternative, Defendants would show that the injuries and/or damages allegedly sustained by Plaintiffs herein were caused, in whole or in part, by occurrences prior or subsequent to the occurrence at issue.

2

**DOC. 14**

7.      Pleading further and in the alternative, Defendants would show that in the event they are found liable to Plaintiffs, any such liability being expressly denied, Defendants are entitled to contribution, credit, and/or indemnity, as provided by applicable laws and statutes.

8.      Pleading further and in the alternative, Defendants assert that Plaintiffs' claims for damages, if any, were the result solely of an unavoidable accident and/or open and obvious conditions for which Defendants cannot be held liable.

9.      Further, Defendants assert the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, release, payment, credit, offset, and waiver.

10.      Defendants further plead Chapter 33 of the Texas Civil Practice and Remedies Code and respectfully requests the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Decedent, and accord the Defendants full benefit of Chapter 33 of the Texas Civil Practice and Remedies Code and its subparts.  Defendants are entitled to a percentage reduction based upon a determination of the relative fault of all persons and party joint tortfeasors and a credit and offset for the amount of money paid to Plaintiffs by any alleged joint tortfeasor who is not party to the suit at time of trial.

11.      Pleading further and in the alternative, Defendants, specifically NDTUSA, assert that Plaintiffs' sole remedies against same are governed by the applicable state and/or federal workers' compensation laws such that the Court should dismiss Plaintiffs' claims against it with prejudice. *See* Tex. Lab. Code § 408.001(a); *See also Wingfoot Enters. V. Alvarado*, 111 S.W.3d 134, 137-138 (Tex. 2003) (Where the Supreme Court of Texas found that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage against the employer for a work-related injury sustained by the employee).

DOC. 14

12.     Defendants further invoke the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

13.     Defendants further invoke the limitation contained in Section 41.0105 of the Texas Civil Practices and Remedies Code as to the recovery of medical and health care expenses.

14.     Further, Defendants invoke the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practices and Remedies Code. Pursuant to Section 41.008 of the Texas Civil Practices and Remedies Code, such limitations may not be known to the jury.

15.     Pleading further and in the alternative, Defendants aver that they are not liable to Plaintiffs for any potential claim for gross negligence because Decedent's death was not caused by or through the acts or omissions of any vice principal of Defendants, nor were any alleged acts of gross negligence ratified or authorized by Defendants.

16.     Pleading further and in the alternative, and with respect to Plaintiffs' alleged claim for punitive or exemplary damages, Defendants assert the limitations of Chapter 41 of the Civil Practice and Remedies Code and would further show that such damages are inappropriate and impermissible under law due to the following:

     a.  That punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt.  The failure to require same is a denial of due process and a denial of equal protection under the law as prescribed by the United States Constitution and the Constitution of the State of Texas.

     b.  An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

     c.  It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of

4

**DOC. 14**

employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

d.  Punitive and/or exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

e.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its fact and in application, it denies Defendants due process and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

g.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting and ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

h.  An award of punitive and exemplary damages would violate the excessive fines clause of the Eight Amendment as applied to the Fourteenth Amendment of the United States Constitution.

17.     Defendants respectfully reserve the right to file an amended Answer in this case in the manner authorized by Rules 63 and 66 of the Texas Rules of Civil Procedure.

18.     Plaintiff's claims are subject to mandatory, binding arbitration; and as such this suit must be abated and/or dismissed.

19.     Defendants specifically deny that Schellenberg was at any time a "Vice Principal" as alleged by Plaintiffs.

**DOC. 14**

**III.**
**JURY DEMAND**

20.     Subject to the defense of arbitration as set forth above, Defendants respectfully

demands a trial by jury on all contested issues of fact.

**PRAYER**

Defendants prays that Plaintiffs takes nothing, that Defendants be dismissed from this suit

with prejudice and at the Plaintiffs' sole costs, and that Defendants be granted all relief, at law and

in equity, to which Defendants may show that they are justly entitled.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

/s/ Thomas J. Smith
Thomas J. Smith
  State Bar No. 00788934
  tsmith@gallowaylawfirm.com
Kelly C. Hartmann
  State Bar No. 24055631
  khartmann@gallowaylawfirm.com
Denise N. Kruse
  State Bar No. 24066400
  dkruse@gallowaylawfirm.com
Trenton J. Wallis
  State Bar No. 24113454
  twallis@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777

**ATTORNEYS FOR DEFENDANTS
NABORS DRILLING TECHNOLOGIES
USA,    INC.    AND    BRETT
SCHELLENBERG,    INDIVIDUALLY
AND AS ALLEGED VICE PRINCIPAL
AND AREA MANAGER FOR NABORS**

6

**DOC. 14**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 16th day of March 2020, as follows:

<u>*Via E-Service:*</u>
William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78734

**LEAD ATTORNEY FOR PLAINTIFFS**

<u>*Via E-Service:*</u>
J. Michael Guerra
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333

**CO-COUNSEL FOR PLAINTIFFS**

<u>*Via E-Service:*</u>
Charles Barrera
LAW OFFICE OF CHARLES L. BARRERA
700 E. Second Street
Alice, Texas 78332

**LOCAL COUNSEL FOR PLAINTIFFS**

<u>*/s/ Trenton J. Wallis*</u>
Thomas J. Smith
Kelly C. Hartmann
Denise N. Kruse
Trenton J. Wallis

**DOC. 14**

Filed 3/24/2020 10:30 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Sandra Garcia, Deputy

## CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,        Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area   Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| and | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., | § | |
| Defendants | § | JIM WELLS COUNTY, TEXAS |

---

## PLAINTIFFS' FIRST AMENDED PETITION WITH REQUEST FOR DISCLOSURES

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and, JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs), complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG);

**DOC. 15**

NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); and, H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E), and for cause of action would respectfully show unto this Honorable Court as follows:

## I.  DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record.

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record.

**DOC. 15**

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**.

All parties are Texas Citizens.

### III. <u>VENUE</u>

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

### IV. <u>FACTS, CAUSES OF ACTION, AND DAMAGES</u>

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES.  The forklift was put in the line and stream of commerce by Defendant H&E.

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in

# DOC. 15

allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA.  NABORS INDUSTRIES is a parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job.  Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted.  In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper

# DOC. 15

equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments.  There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job.  This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or  omissions in amounting to negligence, negligence per se and/or gross negligence. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code. This was directly harmful to the family to the deepest degree because Defendant NABORS DRILLING TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and

# DOC. 15

rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke. The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present.  The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs seek all actual damages permitted by the act against NABORS DRILLING TECHNOLOGIES for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

**DOC. 15**

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

## V. REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VI. DEMAND FOR JURY

Plaintiffs demand a jury trial and have tendered the appropriate fee.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:       (361) 643-9200
Facsimile:       (361) 643-9600
Email:  btinning@tinninglaw.com

By:    _William J. Tinning_____

State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

DOC. 15

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 24th day of March 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

*William J. Tinning*
William J. Tinning

# DOC. 15

Filed 4/13/2020 2:43 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREW CELESTE GARCIA; AND | § | |
| JOSE L. REVILLA, JR. | § | |
|      *Plaintiffs* | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; NABORS INDUSTRIES, | § | |
| INC.; BRETT SCHELLENBERG, | § | |
| INDIVIDUALLY AND AS VICE | § | |
| PRINCIPAL AND AREA MANAGER | § | |
| FOR NABORS INDUSTRIES, INC.; AND | § | |
| H&E EQUIPMENT SERVICES, INC. | § | |
|      Defendants | § | 79th JUDICIAL DISTRICT |

**ORIGINAL ANSWER, VERIFIED DENIAL, AND AFFIRMATIVE DEFENSES
OF DEFENDANT, NABORS INDUSTRIES, INC. TO PLAINTIFF'S FIRST AMENDED
PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Nabors Industries, Inc. ("NII"), files its Original Answer, Verified Denial, and

Affirmative Defenses to Plaintiffs' ("Plaintiffs"), Melba M. Revilla, Individually and As

Representative of the Estate of Jose Luis Revilla, Andrea Celeste Garcia, and Jose Revilla, Jr.'s

First Amended Petition as follows:

**I.
GENERAL DENIAL**

1.    Defendant assert a General Denial as authorized by Rule 92 of the Texas Rules of

Civil Procedure, and respectfully requests that the Court and Jury require Plaintiffs to prove their

claims, charges and allegations by that standard of evidence as required by the Constitution and

Laws of the State of Texas and the Constitution and Laws of the United States of America.

**II.**

# DOC. 26

**VERIFIED DENIAL**

2.      Defendant, Nabors Industries, Inc. is not a proper party to this suit, and specifically denies that it is liable to Plaintiff in any capacity and/or in the capacity which it has been sued.

**III.**
**AFFIRMATIVE DEFENSES**

3.      Pleading further and in the alternative, Defendant would show that Plaintiffs' claims are subject to mandatory, binding arbitration pursuant to an agreement; and as such this suit must be abated and/or dismissed.

4.      Pleading further and in the alternative, Defendant asserts the affirmative defenses of accord and satisfaction, assumption of the risk, contributory negligence, release, payment, credit, offset, and waiver.

5.      Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of the Decedent.

6.      Pleading further and in the alternative, Defendant would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendant had no right of control nor for whom or for which Defendant is legally responsible.  Accordingly, Defendant is entitled to a jury instruction on new and independent or superseding causes.

7.      Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiffs, any such liability being expressly denied, Defendant is entitled to a reduction for the negligence, liability, fault or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

2

**DOC. 26**

8.      Pleading further and in the alternative, Defendant would show that it is entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs and any person or entity not a party to this litigation.

9.      Pleading further and in the alternative, Defendant would show that the injuries and/or damages allegedly sustained by Plaintiffs herein were caused, in whole or in part, by occurrences prior or subsequent to the occurrence at issue.

10.     Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiffs, any such liability being expressly denied, Defendant is entitled to contribution, credit, and/or indemnity, as provided by applicable laws and statutes.

11.     Pleading further and in the alternative, Defendant asserts that Plaintiffs' claims for damages, if any, were the result solely of an unavoidable accident and/or open and obvious conditions for which Defendant cannot be held liable.

12.     Pleading further and in the alternative, Defendant further pleads Chapter 33 of the Texas Civil Practice and Remedies Code and respectfully requests the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Decedent, and accord the Defendant full benefit of Chapter 33 of the Texas Civil Practice and Remedies Code and its subparts.  Defendant is entitled to a percentage reduction based upon a determination of the relative fault of all persons and party joint tortfeasors and a credit and offset for the amount of money paid to Plaintiffs by any alleged joint tortfeasor who is not party to the suit at time of trial.

13.     Pleading further and in the alternative, Defendant, specifically NII, asserts that Plaintiffs' sole remedies against same are governed by the applicable state and/or federal workers' compensation laws such that the Court should dismiss Plaintiffs' claims against it with prejudice.

3

**DOC. 26**

*See* Tex. Lab. Code § 408.001(a); *See also Wingfoot Enters. V. Alvarado*, 111 S.W.3d 134, 137-138 (Tex. 2003) (Where the Supreme Court of Texas found that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage against the employer for a work-related injury sustained by the employee).

14.     Pleading further and in the alternative, Defendant further invokes the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

15.     Pleading further and in the alternative, Defendant further invokes the limitation contained in Section 41.0105 of the Texas Civil Practices and Remedies Code as to the recovery of medical and health care expenses.

16.     Pleading further and in the alternative, Defendant invokes the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practices and Remedies Code.  Pursuant to Section 41.008 of the Texas Civil Practices and Remedies Code, such limitations may not be known to the jury.

17.     Pleading further and in the alternative, Defendant avers that it is not liable to Plaintiffs for any potential claim for gross negligence because Decedent's death was not caused by or through the acts or omissions of any vice principal of Defendant(s), nor were any alleged acts of gross negligence ratified or authorized by Defendant(s).

18.     Pleading further and in the alternative, and with respect to Plaintiffs' alleged claim for punitive or exemplary damages, Defendant asserts the limitations of Chapter 41 of the Civil Practice and Remedies Code and would further show that such damages are inappropriate and impermissible under law due to the following:

        a.  That punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages

**DOC. 26**

beyond a reasonable doubt.  The failure to require same is a denial of due process and a denial of equal protection under the law as prescribed by the United States Constitution and the Constitution of the State of Texas.

b.   An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

c.   It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

d.   Punitive and/or exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

e.   Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its fact and in application, it denies Defendants due process and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f.   Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

g.   Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting and ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

h.   An award of punitive and exemplary damages would violate the excessive fines clause of the Eight Amendment as applied to the Fourteenth Amendment of the United States Constitution.

5

**DOC. 26**

19.     Pleading further and in the alternative, Defendant respectfully reserves the right to file an amended Answer in this case in the manner authorized by Rules 63 and 66 of the Texas Rules of Civil Procedure.

20.     Pleading further and in the alternative, Defendant would show that Plaintiffs failed to mitigate their damages as required under applicable law.

21.     Pleading further and in the alternative, Defendant designates an unknown person(s) as responsible third parties within the meaning of TEX. CIV. PRAC. & REM. CODE § 33.004, *et. seq.* The identities of this unknown person(s) will be uncovered during the discovery process, but Defendant denies any liability or responsibility for such person(s).

### III.
### JURY DEMAND

22.     Subject to the defense of arbitration as set forth above, Defendant respectfully demands a trial by jury on all contested issues of fact.

### PRAYER

WHEREFORE Defendant prays that the Court order that the claims asserted by Plaintiffs are subject to mandatory, binding arbitration, and that the Court either dismiss this action, or, alternatively, stay the proceedings pending the conclusion of arbitration.

Subject to the defense of arbitration as set forth above, Defendant prays that Plaintiffs takes nothing, that Defendant be dismissed from this suit with prejudice and at the Plaintiffs' sole costs, and that Defendant be granted all relief, at law and in equity, to which Defendant may show that they are justly entitled.

**DOC. 26**

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Thomas J. Smith*
Thomas J. Smith
  State Bar No. 00788934
  tsmith@gallowaylawfirm.com
Kelly C. Hartmann
  State Bar No. 24055631
  khartmann@gallowaylawfirm.com
Denise N. Kruse
  State Bar No. 24066400
  dkruse@gallowaylawfirm.com
Trenton J. Wallis
  State Bar No. 24113454
  twallis@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777

**ATTORNEYS FOR DEFENDANT
NABORS INDUSTRIES, INC.**

**DOC. 26**

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 13th day of April 2020, as follows:

<u>***Via E-Service:***</u>
William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78734

**LEAD ATTORNEY FOR PLAINTIFFS**

<u>***Via E-Service:***</u>
J. Michael Guerra
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333

**CO-COUNSEL FOR PLAINTIFFS**

<u>***Via E-Service:***</u>
Charles Barrera
LAW OFFICE OF CHARLES L. BARRERA
700 E. Second Street
Alice, Texas 78332

**LOCAL COUNSEL FOR PLAINTIFFS**

<u>***Via E-Service:***</u>
Barbara Jane Barron
MehaffyWeber
500 Dallas| Suite 1200
Houston, Texas 77002

**COUNSEL FOR H&E EQUIPMENT SERVICES, INC.**

                                 */s/ Denise N. Kruse*
                                 Thomas J. Smith
                                 Kelly C. Hartmann
                                 Denise N. Kruse
                                 Trenton J. Wallis

**DOC. 26**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREW CELESTE GARCIA; AND | § | |
| JOSE L. REVILLA, JR. | § | |
|     *Plaintiffs* | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; NABORS INDUSTRIES, | § | |
| INC.; BRETT SCHELLENBERG, | § | |
| INDIVIDUALLY AND AS VICE | § | |
| PRINCIPAL AND AREA MANAGER | § | |
| FOR NABORS INDUSTRIES, INC.; AND | § | |
| H&E EQUIPMENT SERVICES, INC. | § | |
|     Defendants | § | 79th JUDICIAL DISTRICT |

## VERIFICATION

THE STATE OF TEXAS

COUNTY OF HARRIS

    Before me, the undersigned notary, on this day personally appeared Denise N. Kruse, the affiant, a person whose identity is known to me. After I administered an oath to affiant the affiant testified that he read the foregoing Original Answer of Nabors Industries, Inc. and that Paragraph 2 contained therein is within her knowledge and is true and correct.

                            Denise N. Kruse

    SUBSCRIBED AND SWORN BEFORE ME on April 13, 2020, to certify which, witness my hand and official seal of office.

                            Notary Public in and for the State of Texas

                            My Commission Expires: 04|04|23



MICHELLE ANN HABERLAND
My Notary ID # 1099064
Expires April 4, 2023

10

**DOC. 26**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREW CELESTE GARCIA; AND | § | |
| JOSE L. REVILLA, JR. | § | |
|     *Plaintiffs* | § | |
| | § | |
| v. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; NABORS INDUSTRIES, | § | |
| INC.; BRETT SCHELLENBERG, | § | |
| INDIVIDUALLY AND AS VICE | § | |
| PRINCIPAL AND AREA MANAGER | § | |
| FOR NABORS INDUSTRIES, INC.; AND | § | |
| H&E EQUIPMENT SERVICES, INC. | § | |
|     Defendants | § | 79th JUDICIAL DISTRICT |

**DEFENDANTS NABORS DRILLING TECHNOLOGIES USA, INC.'S
AND BRETT SCHELLENBERG'S ORIGINAL ANSWERS AND AFFIRMATIVE
<u>DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Nabors Drilling Technologies USA, Inc. ("NDTUSA"), and Brett Schellenberg, Individually and as alleged Vice Principal and Area Manager for Nabors ("Schellenberg") (collectively "Defendants"), file their Original Answer and Affirmative Defenses to Plaintiffs' ("Plaintiffs") Melba M. Revilla, Individually and As Representative of the Estate of Jose Luis Revilla, Andrea Celeste Garcia, and Jose Revilla, Jr.'s First Amended Petition as follows:

**I.
GENERAL DENIAL**

1.     Defendants assert a General Denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require Plaintiffs to prove their

**DOC. 27**

claims, charges and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

## II.
## AFFIRMATIVE DEFENSES

2.      Pleading further and in the alternative, Defendants would show that Plaintiffs' claims are subject to mandatory, binding arbitration pursuant to an agreement; and as such this suit must be abated and/or dismissed.

3.      Pleading further and in the alternative, Defendants assert the affirmative defenses of accord and satisfaction, assumption of the risk, contributory negligence, release, payment, credit, offset, and waiver.

4.      Pleading further and in the alternative, Defendants would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence or other conduct of the Decedent.

5.      Pleading further and in the alternative, Defendants would show that the occurrence in question, as well as the damages complained of, were proximately caused or legally caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendants had no right of control nor for whom or for which Defendants are legally responsible.  Accordingly, Defendants are entitled to a jury instruction on new and independent or superseding causes.

6.      Pleading further and in the alternative, Defendants would show that in the event they are found liable to Plaintiffs, any such liability being expressly denied, Defendants are entitled to a reduction for the negligence, liability, fault or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation.

**DOC. 27**

7.     Pleading further and in the alternative, Defendants would show that they are entitled to a credit or offset for all monies or consideration paid to Plaintiffs by virtue of any type or form of settlement agreement entered into by and between Plaintiffs and any person or entity not a party to this litigation.

8.     Pleading further and in the alternative, Defendants would show that the injuries and/or damages allegedly sustained by Plaintiffs herein were caused, in whole or in part, by occurrences prior or subsequent to the occurrence at issue.

9.     Pleading further and in the alternative, Defendants would show that in the event they are found liable to Plaintiffs, any such liability being expressly denied, Defendants are entitled to contribution, credit, and/or indemnity, as provided by applicable laws and statutes.

10.    Pleading further and in the alternative, Defendants assert that Plaintiffs' claims for damages, if any, were the result solely of an unavoidable accident and/or open and obvious conditions for which Defendants cannot be held liable.

11.    Pleading further and in the alternative, Defendants further plead Chapter 33 of the Texas Civil Practice and Remedies Code and respectfully requests the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Decedent, and accord the Defendants full benefit of Chapter 33 of the Texas Civil Practice and Remedies Code and its subparts.  Defendants are entitled to a percentage reduction based upon a determination of the relative fault of all persons and party joint tortfeasors and a credit and offset for the amount of money paid to Plaintiffs by any alleged joint tortfeasor who is not party to the suit at time of trial.

12.    Pleading further and in the alternative, Defendants, specifically NDTUSA, assert that Plaintiffs' sole remedies against same are governed by the applicable state and/or federal workers' compensation laws such that the Court should dismiss Plaintiffs' claims against it with

3

**DOC. 27**

prejudice. *See* Tex. Lab. Code § 408.001(a); *See also Wingfoot Enters. V. Alvarado*, 111 S.W.3d 134, 137-138 (Tex. 2003) (Where the Supreme Court of Texas found that recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage against the employer for a work-related injury sustained by the employee).

13.     Pleading further and in the alternative, Defendants further invoke the limitation contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of lost wages or loss of earning capacity.

14.     Pleading further and in the alternative, Defendants further invoke the limitation contained in Section 41.0105 of the Texas Civil Practices and Remedies Code as to the recovery of medical and health care expenses.

15.     Pleading further and in the alternative, Defendants invoke the limitations on punitive damages and prejudgment interest contained in Sections 41.007 and 41.008 of the Texas Civil Practices and Remedies Code.  Pursuant to Section 41.008 of the Texas Civil Practices and Remedies Code, such limitations may not be known to the jury.

16.     Pleading further and in the alternative, Defendants aver that they are not liable to Plaintiffs for any potential claim for gross negligence because Decedent's death was not caused by or through the acts or omissions of any vice principal of Defendants, nor were any alleged acts of gross negligence ratified or authorized by Defendants.

17.     Pleading further and in the alternative, and with respect to Plaintiffs' alleged claim for punitive or exemplary damages, Defendants assert the limitations of Chapter 41 of the Civil Practice and Remedies Code and would further show that such damages are inappropriate and impermissible under law due to the following:

> a.   That punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages

**DOC. 27**

beyond a reasonable doubt.  The failure to require same is a denial of due process and a denial of equal protection under the law as prescribed by the United States Constitution and the Constitution of the State of Texas.

b.  An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

c.  It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

d.  Punitive and/or exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

e.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its fact and in application, it denies Defendants due process and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

g.  Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting and ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

h.  An award of punitive and exemplary damages would violate the excessive fines clause of the Eight Amendment as applied to the Fourteenth Amendment of the United States Constitution.

**DOC. 27**

18.     Pleading further and in the alternative, Defendants respectfully reserve the right to file an amended Answer in this case in the manner authorized by Rules 63 and 66 of the Texas Rules of Civil Procedure.

19.     Pleading further and in the alternative, Defendants specifically deny that Schellenberg was at any time a "Vice Principal" as alleged by Plaintiffs.

20.     Pleading further and in the alternative, Defendant would show that Plaintiffs failed to mitigate their damages as required under applicable law.

22.     Pleading further and in the alternative, Defendants designate an unknown person(s) as responsible third parties within the meaning of TEX. CIV. PRAC. & REM. CODE § 33.004, *et. seq.* The identities of this unknown person(s) will be uncovered during the discovery process, but Defendants deny any liability or responsibility for such person(s).

### III.
### JURY DEMAND

23.     Subject to the defense of arbitration as set forth above, Defendants respectfully demands a trial by jury on all contested issues of fact.

### **PRAYER**

WHEREFORE Defendants pray that the Court order that the claims asserted by Plaintiffs are subject to mandatory, binding arbitration, and that the Court either dismiss this action, or, alternatively, stay the proceedings pending the conclusion of arbitration.

Subject to the defense of arbitration as set forth above, Defendants prays that Plaintiffs takes nothing, that Defendants be dismissed from this suit with prejudice and at the Plaintiffs' sole costs, and that Defendants be granted all relief, at law and in equity, to which Defendants may show that they are justly entitled.

DOC. 27

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

/s/ Thomas J. Smith
Thomas J. Smith
  State Bar No. 00788934
  tsmith@gallowaylawfirm.com
Kelly C. Hartmann
  State Bar No. 24055631
  khartmann@gallowaylawfirm.com
Denise N. Kruse
  State Bar No. 24066400
  dkruse@gallowaylawfirm.com
Trenton J. Wallis
  State Bar No. 24113454
  twallis@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777

**ATTORNEYS FOR DEFENDANTS
NABORS DRILLING TECHNOLOGIES
USA,    INC.    AND    BRETT
SCHELLENBERG,    INDIVIDUALLY
AND AS VICE PRINCIPAL AND AREA
MANAGER FOR NABORS**

**DOC. 27**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 13th day of April 2020, as follows:

***<u>Via E-Service:</u>***
William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78734

**LEAD ATTORNEY FOR PLAINTIFFS**

***<u>Via E-Service:</u>***
J. Michael Guerra
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333

**CO-COUNSEL FOR PLAINTIFFS**

***<u>Via E-Service:</u>***
Charles Barrera
LAW OFFICE OF CHARLES L. BARRERA
700 E. Second Street
Alice, Texas 78332

**LOCAL COUNSEL FOR PLAINTIFFS**

***<u>Via E-Service:</u>***
Barbara Jane Barron
MehaffyWeber
500 Dallas| Suite 1200
Houston, Texas 77002

**COUNSEL FOR H&E EQUIPMENT SERVICES, INC.**

                                 */s/ Denise N. Kruse*
                                   Thomas J. Smith
                                   Kelly C. Hartmann
                                   Denise N. Kruse
                                   Trenton J. Wallis

**DOC. 27**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,          Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area  Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|          Defendants | § | JIM WELLS COUNTY, TEXAS |

**PLAINTIFFS' THIRD AMENDED PETITION WITH REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and, JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs), complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT

DOC. 28

SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E); and JLG INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant JLG), and for cause of action would respectfully show unto this Honorable Court as follows:

## I.  DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

**DOC. 28**

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Barbara J. Barron, MEHAFFY WEBER P.C.

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH .

Defendant JLG INDUSTRIES, INC. is a corporation license to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136**.

All parties are Texas Citizens.

### III. VENUE

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

### IV. FACTS, CAUSES OF ACTION, AND DAMAGES

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES.  The forklift was put in the line and stream of commerce by Defendant H&E.

DOC. 28

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA.  NABORS INDUSTRIES is a

**DOC. 28**

parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job.  Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted.  In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments.  There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job.  This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

Defendant H&E was negligent of failing to monitor NABORS to see to is that maintenance and proper operating standards were maintained on the forklift.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

DOC. 28

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or  omissions in amounting to negligence, negligence per se and/or gross negligence. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code. This was directly harmful to the family to the deepest degree because Defendant NABORS DRILLING TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke. The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present.   The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

All NABORS entities were negligent and grossly negligent by the use of the pipe racks which were in use at the time and place in question which had multiple defects, including the failure to have a stop put in just short of at the end of the pipe rack on both pipe racks to create a "safe space" and failing to have a separation stop behind it, to keep the remaining pipe separated from those intended to be loaded.   The accident happened in part because once a pipe is moved the mountain of pipe behind it is foreseeably disrupted, and rolls unimpeded towards the operator, in this case the late Mr. Revilla.   This alone, or in combination with the acts omissions

**DOC. 28**

and/or defects of Defendants and the rentor, and manufacturer, proximately caused or producingly caused the accident and death in question.

Defendants H&E and JLG were negligent and guilty of product defects by having a forklift which did not have a seat sensor so that the forklift would immediately cut off and stop operation if the presence of an operator was detected to be absent.  In addition, the unlabeled and improperly labeled indications for what gear the forklift was in did not sufficiently apprise a normal operator such as Mr. Revilla, who is certified.  In addition, the forklift had no alarm indicating when it was about to move forward.  In addition, the forklift could be placed in the neutral and in gear position and the appearance of a neutral position whereby the operator could deduce that it was safe to make a quick check, as Mr. Revilla did at the pipe rack, and the forklift, because of this defect, could still do - jump into gear.  This was particularly exemplified at the inspection of April 9, 2020, on the same forklift, with another certified operator, when it jumped forward, even when in third gear.

All of the above, singularly or in combination, brought about the tragic preventable accident to Mr. Revilla, who was himself a certified operator, which crushed him, pinned him and killed him  In addition, if NABORS had had the ongoing requirement to have a second person as a flagger or for a spotter present, this accident does not happen.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs separately seek all actual damages permitted by Chapter 451 of the act against NABORS DRILLING TECHNOLOGIES and NABORS INDUSTSRIES, INC. for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

DOC. 28

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

## V. REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant JLG INDUSTRIES, INC. disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VI. DEMAND FOR JURY

Plaintiffs demand a jury trial and have tendered the appropriate fee.

**DOC. 28**

## VII. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:      (361) 643-9600
Email:  btinning@tinninglaw.com

By:      *William J. Tinning*

State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

DOC. 28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 14th day of April, 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

*William J. Tinning*
William J. Tinning

DOC. 28

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,          Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area  Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|                              Defendants | § | JIM WELLS COUNTY, TEXAS |

---

**PLAINTIFFS' FOURTH AMENDED PETITION WITH REQUEST FOR DISCLOSURES**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and, JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs), complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT

**DOC. 31**

SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E); and JLG INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant JLG), and for cause of action would respectfully show unto this Honorable Court as follows:

## I. **DISCOVERY**

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. **PARTIES**

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

DOC. 31

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Barbara J. Barron, MEHAFFY WEBER P.C.

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201**.

Defendant JLG INDUSTRIES, INC. is a corporation license to and doing business in the State of Texas which can been served by serving its registered agent for service **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136**.

All parties are Texas Citizens.

### III. VENUE

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

### IV. FACTS, CAUSES OF ACTION, AND DAMAGES

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES.  The forklift was put in the line and stream of commerce by Defendant H&E.

DOC. 31

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

 Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA.  NABORS INDUSTRIES is a

**DOC. 31**

parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job.  Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted.  In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments.  There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job.  This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

Defendant H&E was negligent of failing to monitor NABORS to see to is that maintenance and proper operating standards were maintained on the forklift.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

DOC. 31

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or omissions in amounting to negligence, negligence per se and/or gross negligence. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code. This was directly harmful to the family to the deepest degree because Defendant NABORS DRILLING TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke. The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present. The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

All NABORS entities were negligent and grossly negligent by the use of the pipe racks which were in use at the time and place in question which had multiple defects, including the failure to have a stop put in just short of at the end of the pipe rack on both pipe racks to create a "safe space" and failing to have a separation stop behind it, to keep the remaining pipe separated from those intended to be loaded. The accident happened in part because once a pipe is moved the mountain of pipe behind it is foreseeably disrupted, and rolls unimpeded towards the operator, in this case the late Mr. Revilla. This alone, or in combination with the acts omissions

DOC. 31

and/or defects of Defendants and the rentor, and manufacturer, proximately caused or producingly caused the accident and death in question.

Defendants H&E and JLG were negligent and guilty of product defects by having a forklift which did not have a seat sensor so that the forklift would immediately cut off and stop operation if the presence of an operator was detected to be absent. In addition, the unlabeled and improperly labeled indications for what gear the forklift was in did not sufficiently apprise a normal operator such as Mr. Revilla, who is certified. In addition, the forklift had no alarm indicating when it was about to move forward. In addition, the forklift could be placed in the neutral and in gear position and the appearance of a neutral position whereby the operator could deduce that it was safe to make a quick check, as Mr. Revilla did at the pipe rack, and the forklift, because of this defect, could still do - jump into gear. This was particularly exemplified at the inspection of April 9, 2020, on the same forklift, with another certified operator, when it jumped forward, even when in third gear.

All of the above, singularly or in combination, brought about the tragic preventable accident to Mr. Revilla, who was himself a certified operator, which crushed him, pinned him and killed him  In addition, if NABORS had had the ongoing requirement to have a second person as a flagger or for a spotter present, this accident does not happen.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs separately seek all actual damages permitted by Chapter 451 of the act against NABORS DRILLING TECHNOLOGIES and NABORS INDUSTSRIES, INC. for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

DOC. 31

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

## V. REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant NABORS DRILLING USA, INC. and JLG INDUSTRIES, INC. disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VI. DEMAND FOR JURY

Plaintiffs demand a jury trial and have tendered the appropriate fee.

**DOC. 31**

## VII. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:      (361) 643-9600
Email:  btinning@tinninglaw.com

By:   *William J. Tinning*
State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

DOC. 31

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 16th day of April, 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

_William J. Tinning_
William J. Tinning

**DOC. 31**

Filed 4/24/2020 3:07 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

## CITATION – Personal Service

ORIGINAL

THE STATE OF TEXAS                                                    COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: JLG INDUSTRIES, INC., BY SERVING ITS REGISTERED AGENT FOR SERVICE, CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201-3136

(or wherever he/she may be found) Notice to DEFENDANT     : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | APRIL 14. 2020 |
| Document: | PLAINTIFFS' THIRD AMENDED PETITION WITH REQUEST FOR DISCLOSURES |
| Parties in Suit: | MELBA M REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC., AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of his said court on this the  16  day of  APRIL      , 20 20 .

R. David Guerrero, District Clerk
Jim Wells County, Texas

BY:                                                    , Deputy

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within named _____ in person  a true copy of this citation, with attached copy(ies) of the _____ at _____.

[ ] Not executed. The diligence use in finding  DEFENDANT     being _____

[ ] Information received as to the whereabouts of  DEFENDANT     being_____

| | |
|---|---|
| Service Fee: $  90.00 | Sheriff/Constable |
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.

Subscribed and sworn to before me on this the _____ day  of _____, 20___.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order



AFFIDAVIT ATTACHED

# DOC. 34

## <u>RETURN OF SERVICE</u>

State of Texas

County of Jim Wells

**79th Judicial District Court**

Case Number: 20-02-60191-CV

Plaintiff:
**MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L, REVILLA, JR,,**

vs.

Defendant:
**NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.**

For:
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates Inc. on the 17th day of April, 2020 at 1:29 pm to be served on JLG Industries, Inc. by Serving its Registered Agent, CT Corporation System, 1999 Bryan St, STE 900, Dallas, Dallas County, TX 75201.

I, Carlos Barrera, do hereby affirm that on the 20th day of April, 2020 at 12:30 pm, I:

**EXECUTED** by delivering to, JLG Industries, Inc., a true copy of the **Citation, Plaintiffs' Third Amended Petition with Request for Disclosures and Jury Demand** with the date of service endorsed thereon by me, to: <u>**Beatrice Casarez**</u> , <u>**Autorized Agent**</u> at the address of: <u>**1999 Bryan St, STE 900, Dallas, Dallas County, TX 75201**</u>, who is authorized to accept service for JLG Industries, Inc..

Description of Person Served: Age: 30, Sex: F, Race/Skin Color: Hispanic, Height: 5'6", Weight: 160, Hair: Dark Brown, Glasses: N

UNDER PENALTY OF PERJURY:   " My name is _____**Carlos Barrera**_____ , my date of birth is __7-14-58__ and address regarding service  is 400 Mann Street Suite 902, Corpus Christi, Texas 78401. I declare under penalty of perjury that the foregoing is true and correct.

Executed in __Dallas__ County, State of Texas, on this __23__ day of __April__ , 20 __20__

Carlos Barrera
PSC-5305 Exp: 6-30-2020

**Kim Tindall & Associates Inc.**
**16414 San Pedro Suite 900**
**San Antonio, TX 78232**
**(210) 697-3400**

Our Job Serial Number: KTA-2020000742

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

# DOC. 34

Filed 4/22/2020 3:08 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

CAUSE NO: 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, Individually and | § | IN THE DISTRICT COURT OF |
| as Representative of the Estate of JOSE | § | |
| LUIS REVILLA; ANDREA CELESTE | § | |
| GARCIA; JOSE L REVILLA, JR. | § | |
| | § | |
| VS. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS INDUSTRIES, INC., ET. AL. | § | 79TH JUDICIAL DISTRICT |

**DEFENDANT H&E EQUIPMENT SERVICES, INC.'S MOTION TO RELEASE
JLG FORKLIFT BACK TO SERVICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant H&E Equipment Services, Inc. and files this Motion to Release JLG Forklift Back to Service. Defendant would show the Court the following in support:

I.

The case involves a workplace fatality that occurred at Nabors Drilling Technologies USA's ("Nabors") yard in Alice, Texas on January 27, 2020. Plaintiffs allege that the decedent Mr. Revilla was operating a JLG forklift in the course of his work for Nabors when the accident happened. At that time, H&E Equipment Services, Inc. ("H&E") owned the JLG forklift and was leasing it to Nabors. H&E still owns the forklift and is scheduled to take possession of it from Nabors' yard on April 15.

Plaintiffs filed this lawsuit on February 7, 2020. Since that time, the parties have had either one or two opportunities to inspect the JLG forklift. The first inspection took place at the Nabors yard on March 19, 2020 and was limited to taking photographs and video recordings of the forklift and the accident scene. All parties to the case at that time attended the inspection, each with an expert witness, and had ample opportunity to view and record the forklift.

BEAULITIGATION:1766853.1

**DOC. 35**

A second inspection took place on April 9, 2020. Again, all parties and their experts attended. The forklift manufacturer JLG, which was a potential party at that time and has since been added as a defendant, also attended this inspection with its expert witness. This second inspection afforded all parties an additional opportunity for video recording and photographs. In addition, Nabors' expert witness oversaw a protocol that was circulated in advance during which a Nabors equipment operator executed various movements, functions, and testing of the forklift for purposes of observing and recording the forklift in actual operation. All parties were given the opportunity both before and during the inspection to suggest testing to be performed. No party objected at the inspection or has claimed since that time that they were denied the chance to have any particular test or function performed or attempted.

II.

H&E is in the business of renting heavy equipment. H&E customarily charges $340.00/day, $840.00/week, and $2,250.00/month for rental of this JLG forklift. Due to the events of this case, Nabors has ended the rental agreement on this forklift and recently returned it to H&E on April 16. In light of the extensive opportunities afforded the parties to view, record, document, and test the JLG forklift in question, H&E now desires to put the forklift back in service for rental to other customers.

H&E has not been able to reach an agreement with all parties that would allow it to return the forklift to rental service during the pendency of this lawsuit. Further, the parties have refused to share the burden of H&E's costs and lost rental opportunities that will result from holding the forklift out of service. Given that cases such as this often take a year or longer to resolve, requiring H&E to store and preserve the forklift "as is" for such a period cuts into the very business of H&E and would cause financial hardship.

III.

There is no court order requiring H&E to preserve the forklift and H&E is under no obligation to do so.  However, H&E desires to avoid any future claims of spoliation of evidence raised by any other party.   In that regard, H&E requests that the Court enter an order providing that H&E need not store and preserve the JLG forklift indefinitely and that H&E can return it to service for rental to other customers.  Further and more specifically, H&E moves the Court for an order protecting it from any claims of spoliation of evidence or other misconduct made by other parties with respect to H&E's handling and use of the JLG forklift subsequent to such Order.

H&E proposes that it store and preserve the JLG forklift "as is" for an additional 30 days from the filing of this Motion, and will make the forklift available to the parties to conduct any further inspection and testing they deem necessary.  Following the expiration of that time, H&E would show the Court that the parties will have been afforded ample opportunity to view and record any needed evidence from the forklift, such that there is no harm to any party by allowing H&E to put the forklift back into rental service.

WHEREFORE, Defendant H&E Equipment Services, Inc. prays that the Court grant Defendant's Motion to Release Equipment Back to Service and requests such other and further relief to which it is entitled.

**DOC. 35**

Respectfully submitted,
**MEHAFFY WEBER, P.C.**
Attorneys for Defendant H&E Equipment
Services, Inc.

By: _Barbara J. Barron_
Barbara J. Barron
State Bar No. 01817250
P.O. Box 16
Beaumont, Texas 77704
Telephone: (409) 835-5011
Facsimile: (409) 835-5177
barbarabarron@mehaffyweber.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on plaintiff's counsel on this 22nd day of April, 2020, via electronic filing and certified mail.

_Barbara J. Barron_
Barbara J. Barron

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to informally resolve the issues involved in this Motion with the parties prior to filing this Motion. To date, the parties have not reached an agreement on the issues.

_Barbara J. Barron_
Barbara J. Barron

BEAULITIGATION:1766853.1
**DOC. 35**

CAUSE NO: 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, Individually and | § | IN THE DISTRICT COURT OF |
| as Representative of the Estate of JOSE | § | |
| LUIS REVILLA; ANDREA CELESTE | § | |
| GARCIA; JOSE L REVILLA, JR. | § | |
| | § | |
| VS. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS INDUSTRIES, INC., ET. AL. | § | 79TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANT'S MOTION TO RELEASE
## JLG FORKLIFT BACK TO SERVICE

BE IT REMEMBERED that on this date the Court considered Defendant H&E

Equipment Services, Inc.'s Motion to Release JLG Forklift Back to Service.

The Court, after having considered the Motion and having heard the arguments of

all counsel, is of the opinion that the Motion is meritorious and should be in all things

**GRANTED.**

It is therefore **ORDERED** that all parties have been afforded sufficient

opportunity to inspect, test, and record the JLG forklift at issue in this matter and to

obtain necessary evidence from the JLG forklift at each party's choosing;

It is further **ORDERED** that, as such, no party will be prejudiced by H&E

Equipment Services, Inc. returning the forklift back into service to be rented to its

customers;

It is further **ORDERED** that H&E Equipment Services, Inc. can return the JLG

forklift to service for rental to other customers beginning on _____, 2020

and continuing until further order of this Court;

It is further **ORDERED** that no action taken by H&E Equipment Services, Inc. or

its customers with respect to the possession, handling, use, or rental of the JLG forklift

shall constitute the basis of any claim of spoliation of evidence made by any party.

DATED: _____, 2020.


                                        _____
                                        JUDGE PRESIDING

BEAULITIGATION:1766853.1

**DOC. 35**

Print this page

# Case # 20-02-60191-CV

**Case Information**

| | |
|---|---|
| Location | Jim Wells County - District Clerk |
| Date Filed | 4/22/2020 3:08 PM |
| Case Number | 20-02-60191-CV |
| Case Description | |
| Assigned to Judge | |
| Attorney | Barbara Barron |
| Firm Name | Mehaffy Weber-Beaumont |
| Filed By | Lisa Fiorenza |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | MW BILLING (Mastercard 7260) |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 63081938 |
| Order # | |

**Motion (No Fee)**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Motion (No Fee) |
| Motion Code | |
| Filing Description | H&E Equipment Services, Inc.'s Motion to Release JLG Forklift Back to Service |
| Reference Number | 11683-0001 |
| Comments | |

# DOC. 35

| | |
|---|---|
| Status | Accepted |
| Accepted Date | 4/24/2020 11:49 AM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |

| | |
|---|---|
| *Lead Document* | H&E's Motion to Release JLG Forklift Back to Service.pdf [Original] [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Theresa Zepeda<br>tzepeda@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Gloria Silva Mejias<br>gsilvamejias@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michelle A Haberland<br>mhaberland@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Cindy L Hickman<br>chickman@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Kelly Hartmann<br>khartmann@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Trenton J. Wallis<br>TWallis@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Denise Geheb<br>DeniseGeheb@MehaffyWeber.com | Mehaffy Weber-Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra14@gmail.com | | EServe | Sent | Yes | Not Opened |
| Charles Lee Barrera<br>barreralawfirm@aol.com | | EServe | Sent | Yes | Not Opened |
| William Tinning<br>btinning@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michael Guerra<br>jmguerra67@yahoo.com | | EServe | Sent | Yes | Not Opened |

# DOC. 35

| | | | | | |
|---|---|---|---|---|---|
| Denise Kruse<br>DKruse@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Elizabeth Fredericksen<br>efredericksen@gallowaylawfirm.com | | EServe | Sent | Yes | Not Opened |
| Barbara Barron<br>BarbaraBarron@MehaffyWeber.com | Mehaffy Weber-Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra@gmail.com | | EServe | Sent | Yes | Not Opened |
| Thomas J. Smith<br>tsmith@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Gloria Silva Mejias<br>gsilvamejias@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Theresa Zepeda<br>tzepeda@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michelle A Haberland<br>mhaberland@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Cindy L Hickman<br>chickman@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Kelly Hartmann<br>khartmann@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Trenton J. Wallis<br>TWallis@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Denise Geheb<br>DeniseGeheb@MehaffyWeber.com | Mehaffy Weber-Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra14@gmail.com | | EServe | Sent | Yes | Not Opened |
| Charles Lee Barrera<br>barreralawfirm@aol.com | | EServe | Sent | Yes | Not Opened |
| William Tinning<br>btinning@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michael Guerra<br>jmguerra67@yahoo.com | | EServe | Sent | Yes | Not Opened |

# DOC. 35

| | | | | | |
|---|---|---|---|---|---|
| Denise Kruse<br>DKruse@gallowaylawfirm.com | Galloway<br>Johnson<br>Tompkins Burr<br>& Smith | EServe | Sent | Yes | Not Opened |
| Elizabeth Fredericksen<br>efredericksen@gallowaylawfirm.com | | EServe | Sent | Yes | Not Opened |
| Barbara Barron<br>BarbaraBarron@MehaffyWeber.com | Mehaffy<br>Weber-<br>Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra@gmail.com | | EServe | Sent | Yes | Not Opened |
| Thomas J. Smith<br>tsmith@gallowaylawfirm.com | Galloway<br>Johnson<br>Tompkins Burr<br>& Smith | EServe | Sent | Yes | Not Opened |

**No Fee Documents**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents |
| Motion Code | |
| Filing Description | H&E Equipment Services, Inc.'s proposed Order on Defendant's Motion to Release JLG Forklift Back to Service |
| Reference Number | 11683-0001 |
| Comments | |
| Status | Accepted |
| Accepted Date | 4/24/2020 11:49 AM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | H&E's proposed ORDER on Defendant's Motion to Release JLG Forklift Back to Service.pdf   [Original] [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method Status Served |
|---|---|---|

# DOC. 35

| | | | | | Date/Time Opened |
|---|---|---|---|---|---|
| Theresa Zepeda<br>tzepeda@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Gloria Silva Mejias<br>gsilvamejias@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michelle A Haberland<br>mhaberland@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Cindy L Hickman<br>chickman@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Kelly Hartmann<br>khartmann@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Trenton J. Wallis<br>TWallis@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Denise Geheb<br>DeniseGeheb@MehaffyWeber.com | Mehaffy Weber-Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra14@gmail.com | | EServe | Sent | Yes | Not Opened |
| Charles Lee Barrera<br>barreralawfirm@aol.com | | EServe | Sent | Yes | Not Opened |
| William Tinning<br>btinning@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michael Guerra<br>jmguerra67@yahoo.com | | EServe | Sent | Yes | Not Opened |
| Denise Kruse<br>DKruse@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Elizabeth Fredericksen<br>efredericksen@gallowaylawfirm.com | | EServe | Sent | Yes | Not Opened |
| Barbara Barron<br>BarbaraBarron@MehaffyWeber.com | Mehaffy Weber-Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra@gmail.com | | EServe | Sent | Yes | Not Opened |
| Thomas J. Smith<br>tsmith@gallowaylawfirm.com | Galloway Johnson | EServe | Sent | Yes | Not Opened |

# DOC. 35

| | Tompkins Burr & Smith | | | | |
|---|---|---|---|---|---|
| Gloria Silva Mejias<br>gsilvamejias@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Theresa Zepeda<br>tzepeda@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michelle A Haberland<br>mhaberland@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Cindy L Hickman<br>chickman@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Kelly Hartmann<br>khartmann@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Trenton J. Wallis<br>TWallis@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Denise Geheb<br>DeniseGeheb@MehaffyWeber.com | Mehaffy Weber- Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra14@gmail.com | | EServe | Sent | Yes | Not Opened |
| Charles Lee Barrera<br>barreralawfirm@aol.com | | EServe | Sent | Yes | Not Opened |
| William Tinning<br>btinning@tinninglaw.com | | EServe | Sent | Yes | Not Opened |
| Michael Guerra<br>jmguerra67@yahoo.com | | EServe | Sent | Yes | Not Opened |
| Denise Kruse<br>DKruse@gallowaylawfirm.com | Galloway Johnson Tompkins Burr & Smith | EServe | Sent | Yes | Not Opened |
| Elizabeth Fredericksen<br>efredericksen@gallowaylawfirm.com | | EServe | Sent | Yes | Not Opened |
| Barbara Barron<br>BarbaraBarron@MehaffyWeber.com | Mehaffy Weber- Beaumont | EServe | Sent | Yes | Not Opened |
| Joseph Michael Guerra<br>jmguerra@gmail.com | | EServe | Sent | Yes | Not Opened |
| Thomas J. Smith<br>tsmith@gallowaylawfirm.com | Galloway Johnson | EServe | Sent | Yes | Not Opened |

# DOC. 35

Case 2:20-cv-00194   Document 1-1   Filed on 07/28/20 in TXSD   Page 100 of 192

Tompkins Burr
& Smith

**DOC. 35**

CAUSE NO: 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, Individually and | § | IN THE DISTRICT COURT OF |
| as Representative of the Estate of JOSE | § | |
| LUIS REVILLA; ANDREA CELESTE | § | |
| GARCIA; JOSE L REVILLA, JR. | § | |
| | § | |
| VS. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS INDUSTRIES, INC., ET. AL. | § | 79TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANT'S MOTION TO RELEASE
## JLG FORKLIFT BACK TO SERVICE

BE IT REMEMBERED that on this date the Court considered Defendant H&E

Equipment Services, Inc.'s Motion to Release JLG Forklift Back to Service.

The Court, after having considered the Motion and having heard the arguments of

all counsel, is of the opinion that the Motion is meritorious and should be in all things

**GRANTED.**

It is therefore **ORDERED** that all parties have been afforded sufficient

opportunity to inspect, test, and record the JLG forklift at issue in this matter and to

obtain necessary evidence from the JLG forklift at each party's choosing;

It is further **ORDERED** that, as such, no party will be prejudiced by H&E

Equipment Services, Inc. returning the forklift back into service to be rented to its

customers;

It is further **ORDERED** that H&E Equipment Services, Inc. can return the JLG

forklift to service for rental to other customers beginning on _____, 2020

and continuing until further order of this Court;

It is further **ORDERED** that no action taken by H&E Equipment Services, Inc. or

its customers with respect to the possession, handling, use, or rental of the JLG forklift

shall constitute the basis of any claim of spoliation of evidence made by any party.

DATED: _____, 2020.

 

 

_____
JUDGE PRESIDING

**DOC. 36**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,        Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area  Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|                        Defendants | § | JIM WELLS COUNTY, TEXAS |

---

**PLAINTIFFS' FIFTH AMENDED PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and, JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs), complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT

DOC. 40

SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E); and JLG INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant JLG), and for cause of action would respectfully show unto this Honorable Court as follows:

## I.  DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

DOC. 40

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Barbara J. Barron, MEHAFFY WEBER P.C.

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which can been served by serving its registered agent for service CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, citation has been issued and is being served on Defendant.

Defendant JLG INDUSTRIES, INC. is a corporation license to and doing business in the State of Texas which has been served by servings its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

All parties are Texas Citizens.

### III. <u>VENUE</u>

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

### IV. <u>FACTS, CAUSES OF ACTION, AND DAMAGES</u>

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES.  The forklift was put in the line and stream of commerce by Defendant

DOC. 40

H&E.

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

**DOC. 40**

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA.  NABORS INDUSTRIES is a parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job.  Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted.  In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments.  There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job.  This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

Defendant H&E was negligent of failing to monitor NABORS to see to is that maintenance and proper operating standards were maintained on the forklift.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving

DOC. 40

wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or omissions in amounting to negligence, negligence per se and/or gross negligence. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code. This was directly harmful to the family to the deepest degree because Defendant NABORS DRILLING TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke. The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present.  The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

All NABORS entities were negligent and grossly negligent by the use of the pipe racks which were in use at the time and place in question which had multiple defects, including the failure to have a stop put in just short of at the end of the pipe rack on both pipe racks to create a "safe space" and failing to have a separation stop behind it, to keep the remaining pipe separated from those intended to be loaded.  The accident happened in part because once a pipe is moved

DOC. 40

the mountain of pipe behind it is foreseeably disrupted, and rolls unimpeded towards the operator, in this case the late Mr. Revilla.  This alone, or in combination with the acts omissions and/or defects of Defendants and the rentor, and manufacturer, proximately caused or producingly caused the accident and death in question.

Defendant H&E knew about the misrepresentations by NABORS that Mr. Revilla's death was due to a heart attack, and they did nothing to correct it.  This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code.

Defendants H&E and JLG were negligent and guilty of product defects by having a forklift which did not have a seat sensor so that the forklift would immediately cut off and stop operation if the presence of an operator was detected to be absent.  In addition, the unlabeled and improperly labeled indications for what gear the forklift was in did not sufficiently apprise a normal operator such as Mr. Revilla, who is certified.  In addition, the forklift had no alarm indicating when it was about to move forward.  In addition, the forklift could be placed in the neutral and in gear position and the appearance of a neutral position whereby the operator could deduce that it was safe to make a quick check, as Mr. Revilla did at the pipe rack, and the forklift, because of this defect, could still do - jump into gear.  This was particularly exemplified at the inspection of April 9, 2020, on the same forklift, with another certified operator, when it jumped forward, even when in third gear.

All of the above, singularly or in combination, brought about the tragic preventable accident to Mr. Revilla, who was himself a certified operator, which crushed him, pinned him

DOC. 40

and killed him  In addition, if NABORS had had the ongoing requirement to have a second person as a flagger or for a spotter present, this accident does not happen.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs separately seek all actual damages permitted by Chapter 451 of the act against NABORS DRILLING TECHNOLOGIES and NABORS INDUSTSRIES, INC. for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

DOC. 40

## V. <u>DEMAND FOR JURY</u>

Plaintiffs demand a jury trial and have tendered the appropriate fee.

## VI. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited

to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all

of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such

other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:      (361) 643-9600
Email:  btinning@tinninglaw.com

By:  _William J. Tinning_____

State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

**DOC. 40**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 28th day of April, 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

*William J. Tinning*
William J. Tinning

**DOC. 40**



**79TH JUDICIAL DISTRICT COURT**
**JIM WELLS & BROOKS COUNTIES**

200 N. ALMOND ST. • P. O. BOX 3080 • ALICE, TEXAS 78333
(361) 668-5718 • FAX (361) 668-8240

100 E. MILLER ST. • FALFURRIAS, TEXAS 78355
(361) 325-5604 • FAX (361) 325-9803

**Carol S. Salinas**
*Court Manager*

**Cristina V. Quintana**
*Assistant Court Manager*
*Criminal Division*

**Richard C. Terrell**
*Presiding Judge*

Tue Apr 28 09:57:14 CDT 2020

WILLIAM J. TINNING
ATTORNEY AT LAW
1013 BLUFF DRIVE
PORTLAND, TX 78374

BARBARA J. BARRON
ATTORNEY AT LAW
2615 CALDER AVE.
P.O. BOX 16
BEAUMONT, TX 77704

RE: 20-02-60191-CV, MELBA M REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR.VS.NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC., AND H&E EQUIPMENT SERVICES, INC.

## NOTICE OF SETTING

Presiding Judge: RICHARD C. TERRELL

TYPE OF SETTING: MOTION TO RELEASE JLG FORKLIFT BACK TO SERVICE BY SUBMISSION

Please be advised that the above styled and numbered case has been set for hearing on Wednesday May 27, 2020, at 09:00.

If you need further assistance please contact the court manager at the number listed above.

Richard C. Terrell
Judge Presiding
79th Judicial District

**DOC. 41**



CAUSE NO. 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, ET AL | § | IN THE DISTRICT COURT |
| V. | § | 79TH JUDICIAL DISTRICT |
| NABORS INDUSTRIES, INC, ET AL | § | JIM WELLS COUNTY, TEXAS |

### ORDER ESTABLISHING RULES AND PROCEDURES
### FOR HEARINGS BY SUBMISSION

Pursuant to the authority granted by the Texas Supreme Court, Misc. Docket No. 20-9042, dated March 13, 2020, this Court hereby enters the following orders below. This Court will consider modifications to this Order pursuant to a TRCP Rule 11 agreement executed by all parties. A copy of the agreement shall be promptly forwarded to the Court.

The hearing of the following matter(s) shall be conducted by submission:

MOTION TO RELEASE JLG FORKLIFT BACK TO SERVICE

IT IS ORDERED THAT each party shall perform the following during the specified time period prior to the scheduled hearing date

a.   21 days:  Movant(s) shall e-file a sworn affidavit from each witness Movant(s) intends to submit at the scheduled hearing

b.   17 days:  Respondent(s) shall e-file a sworn affidavit from each witness the Respondent(s) intends to submit at the scheduled hearing.

c.   14 days:  File counter-affidavits, if desired.

Clearly label all exhibits with the exhibit number and cause number, and e-file in PDF searchable format with the clerk of the Court.

d.   7 days:  E-file written objections, legal briefing, and final argument.

e.   3 days:  E-file any replies to written objections, legal briefing, and final argument.

f.   Comply with all COVID-19 emergency directives issued by federal, state, and/or local authorities in complying with the directives of this Order.

IT IS FURTHER ORDERED THAT the party requesting the hearing shall promptly contact all other parties to discuss the contents of this Order, any proposed modifications, and

**DOC. 41**



possible dates for the setting of the requested hearing.  If the parties cannot reach an agreement as to a proposed hearing date, then the requesting party is to inform the Court in writing (by e-filing same) of the lack of an agreement and the Court will set the hearing date.

Signed:  4/28/20

Judge Presiding

COPY

**DOC. 41**

Filed 5/5/2020 1:03 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

# CITATION – Personal Service

ORIGINAL

THE STATE OF TEXAS                                                    COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: NABORS DRILLING USA, INC. BY SERVING CT CORPORATION SYSTEM, 1999 BRYAN ST., STE 900, DALLAS, TEXAS 75201

(or wherever he/she may be found) Notice to DEFENDANT        : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | APRIL 16, 2020 |
| Document: | PLAINTIFFS' FOURTH AMENDED PETITION WITH REQUEST FOR DISCLOSURES |
| Parties in Suit: | MELBA M REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC., AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of this said court on this the 24 day of APRIL , 20 20 .

R. David Guerrero, District Clerk
Jim Wells County, Texas

BY: _____ , Deputy

## Service Return

Came to hand on the _____ day of _____, 20___ , at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within  named _____ _____ in person  a true copy of this citation, with attached copy(ies) of the _____at _____.

[ ] Not executed. The diligence use in finding  DEFENDANT        being _____ _____

[ ] Information received as to the whereabouts of  DEFENDANT        being_____ _____

| Service Fee: $ 90.00 | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

## VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day  of _____, 20__.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

AFFIDAVIT
ATTACHED

# DOC. 42

## RETURN OF SERVICE

State of Texas         County of Jim Wells       79th Judicial District Court

Case Number: 20-02-60191-CV



KTA2020000783

Plaintiff:
MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE
THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L,
REVILLA, JR,,

vs.

Defendant:
NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA,
INC.; BRETT SCHELLENBERG, Individually and as Vice Principal and Area
Manager for NABORS INDUSTRIES, INC., and H&E EQUIPMENT SERVICES,
INC.

For:
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates Inc. on the 24th day of April, 2020 at 4:53 pm to be served on Nabors Drilling
USA, Inc by Serving CT Corporation System, 1999 Bryan St, STE 900, Dallas, Dallas County, TX 75201.

I, Carlos Barrera, do hereby affirm that on the 28th day of April, 2020 at 1:00 pm, I:

EXECUTED by delivering to Nabors Drilling USA, Inc by Serving CT Corporation System,  a true copy of the
Citation, Plaintiff's Fourth Amended Petition with Request for Disclosures and Jury Demand with the date of
service endorsed thereon by me, to :  Antoinette Williams  position of  Intake Specialist  in person at the
address of:  1999 Bryan St, STE 900, Dallas, Dallas County, TX 75201,  who is authorized to accept service for
Nabors Drilling USA, Inc by Serving CT Corporation System

Description of Person Served: Age: 30s, Sex: F, Race/Skin Color: Black, Height: 5'6", Weight: 160, Hair: Dark
Brown, Glasses: N

UNDER PENALTY OF PERJURY:   " My name is _____ Carlos **Barrera** _____ , my date of birth is
__7-14-58__  and address regarding service  is 400 Mann Street Suite 902, Corpus Christi, Texas 78401. I
declare under penalty of perjury that the foregoing is true and correct.

Executed in _DALLAS_ County, State of Texas, on this _30_ day of _APRiL_ , 20 _20_

_____
Carlos Barrera
PSC-5305 Exp: 6-30-2020

**Kim Tindall & Associates Inc.**
**16414 San Pedro Suite 900**
**San Antonio, TX 78232**
**(210) 697-3400**

Our Job Serial Number: KTA-2020000783

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

# DOC. 42

Filed 5/11/2020 4:56 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

## CAUSE NO. 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR., | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|     Defendants | § | JIM WELLS COUNTY, TEXAS |

## DEFENDANT JLG INDUSTRIES, INC.'S SPECIAL APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant JLG Industries, Inc. ("JLG") prior to filing any other pleading or motion or otherwise appearing in this action, hereby files this special appearance for the sole purpose of objecting to the Court's exercise of personal jurisdiction over it, pursuant to Rule 120a of the Texas Rules of Civil Procedure.  Defendant asks the Court to sustain its special appearance and dismiss Plaintiffs' suit against it.

## DEFENDANT IS NOT SUBJECT TO THE JURISDICTION OF TEXAS COURTS

Plaintiffs have not asserted, let alone established, a prima facie case that JLG is subject to the jurisdiction of a Texas court under the Due Process Clause of the Fourteenth Amendment and the Texas Long Arm Statute.  This Court does not have specific or general personal jurisdiction

# DOC. 44

over Defendant.  General jurisdiction does not exist because JLG is not incorporated in Texas, does not have its principal place of business in Texas, and does not have such continuous and systematic contacts with Texas to render it "essentially at home" in Texas.  Plaintiffs' Third Amended Petition, with which JLG was served, and Plaintiffs' subsequent petitions ("the Petition") alleges that "all parties are Texas Citizens," but that is patently incorrect.  JLG is a Pennsylvania corporation with its principal place of business in Pennsylvania and therefore is a citizen of Pennsylvania.  Furthermore, specific jurisdiction does not exist because the Petition does not allege any conduct by JLG in Texas which allegedly gave rise to Plaintiffs' claims.

Texas courts may exercise jurisdiction over a nonresident Defendant such as JLG only if the exercise of jurisdiction is authorized by the Texas long-arm statute and comports with state and federal constitutional guarantees of due process.  *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007).  The plaintiff bears the initial burden to plead sufficient jurisdictional allegations to bring the nonresident defendant within the reach of Texas's long-arm statute. *Old Republic Nat. Ins. Co. v. Bell*, 549 S.W.3d 550, 559 (Tex. 2018).

Plaintiffs herein allege only that JLG is "licensed to and doing business in the State of Texas" and that it can be served through its registered agent for service in Texas.  Because these allegations are insufficient, and for the reasons stated below, Defendant asks the Court to sustain its special appearance and dismiss Plaintiffs' suit against it for lack of personal jurisdiction.[1]

---

[1] Filing a Certificate of Authority with the Texas Secretary of State and designating a Texas agent to receive service of process on its behalf "does not act as consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter" unless that exercise of jurisdiction is constitutionally permissible. *Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 92, 933 (Tex. App. – Dallas 2007, no pet.); *Conner v. ContiCarriers & Terminals Inc.,* 944 S.W.2d 405, 416 (Tex. App. - Houston [14th Dist.] 1997, no pet.); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

3805173_1

**DOC. 44**

## NO GENERAL JURISDICTION OVER DEFENDANT

General jurisdiction over JLG does not exist because JLG is not incorporated in Texas, does not have its principal place of business in Texas, and does not have such continuous and systematic contacts with Texas to render it "essentially at home" in Texas. *BNSF Ry. Co. v. Tyrrell*, —— U.S. ——, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017); *Daimler AG v. Baum*an, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). "Normal in-state business does not suffice to convey general jurisdiction." *Tyrrell*, 137 S.Ct. at 1558–59 (concluding that having 2,000 miles of railroad and more than 2,000 employees in the forum state does support general jurisdiction).

As noted by the Supreme Court, to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping." *Daimler*, 571 U.S. at 138 (quotation marks and citation omitted). "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id*. "Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court*, ___ U.S. ___, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017). Moreover, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 517 U.S. at 137. The test for general jurisdiction is a "high bar." *Old Republic Nat. Ins. Co. v. Bell*, 549 S.W.3d 550, 565 (Tex. 2018)*; Monkton Ins. Serv. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)(It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

JLG is a corporation organized under the laws of Pennsylvania with its principal place of business in McConnellsburg, Pennsylvania. *See* Affidavit of Mark Vaughns, Exhibit A, ¶ 2.  JLG

3

3805173_1

**DOC. 44**

is not a resident of Texas.  It does not maintain ant manufacturing or sales offices or facilities in Texas. *See* Exhibit A, ¶ 3.

## <u>NO SPECIFIC JURISDICTION OVER DEFENDANT</u>

Plaintiffs' Petition contains allegations of negligence and product defects involving a forklift, which has been identified through discovery as a model G9-43A forklift bearing the serial number 0160061493 ("the Forklift"). *See* Exhibit A, ¶ 4.  The Petition, however, does not allege any conduct by JLG in Texas which allegedly gave rise to Plaintiffs' claims.

JLG manufactured the Forklift in Pennsylvania. *See* Exhibit A, ¶ 4. The Forklift was not sold by JLG in Texas or to a Texas resident.  To the contrary, it was sold by JLG to H&E Equipment Services, Inc., a Louisiana corporation with its principal place of business in Louisiana ("H&E"). *See* Exhibit A, ¶ 5.  JLG did not sell or ship the Forklift to Mr. Revilla or to his employer; rather, it was sold to and shipped to non-resident H&E.  *See* Exhibit A, ¶ 7.  Finally, while the Forklift was shipped to San Antonio, Texas, this was done so at H&E's request, by a third party carrier, freight prepaid, and not at JLG's behest. *See* Exhibit A, ¶ 6.  Accordingly, but for the fact that H&E asked JLG to ship the Forklift to San Antonio, Texas, there are no other contacts between JLG and the State of Texas relating to this matter.

Specific jurisdiction over JLG does not exist because none of Plaintiff's claims in this case arise out of any of JLG's alleged conduct in or contacts with Texas.  *Bristol-Myers Squibb Co. v. Superior Court*, ___ U.S. ___, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017).  Where there is no "affiliation between the forum and the underlying controversy, principally an activity or occurrence that takes place in the forum state," specific jurisdiction does not exist "regardless of the extent of a Defendant's unconnected activities in the state." *Id.* at 1781.

3805173_1

# DOC. 44

## EXERCISING JURISDICTION WOULD VIOLATE TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE

Because JLG does not have sufficient minimum contacts with Texas, this Court's exercise of jurisdiction over JLG would offend traditional notions of fair play and substantial justice.  In *Bristol-Myers*, the Supreme Court noted that the "primary concern in determining personal jurisdiction is the burden on the defendant." 137 S.Ct. at 1780 (internal quotation marks and citation omitted). "[R]estrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Id*. (internal quotation marks and citation omitted). "[T]he States retain many essential attributes of sovereignty, including, in particular, the sovereign power to try causes in their courts. *Id*. The sovereignty of each State . . . implie[s] a limitation on the sovereignty of all its sister States." *Id*. And at times, this federalism interest may be decisive. *Id*. "Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id*.

As previously noted, JLG is a Pennsylvania corporation with its principal place of business in Pennsylvania. JLG's solitary act of shipping the Lift to a location in Texas to a non-resident of Texas does not provide JLG with sufficient warning that it could be sued in Texas for a cause of action related to this Lift.  A manufacturer cannot fairly be expected to litigate in every part of the world where its products may end up.  Under these facts, it would offend traditional notions of fair play and justice to exercise jurisdiction over JLG. As such, this Court should dismiss Plaintiffs' claims against JLG.

3805173_1

# DOC. 44

## CONCLUSION

This Court does not have jurisdiction over Defendant because it did not commit any act that would have put it on notice that it would be subject to the jurisdiction of a Texas Court. First, the Plaintiff's cause of action does not arise from or relate to any conduct of Defendant in Texas. Second, Defendant does not have those systematic and continuous contacts with the State of Texas that would constitutionally support personal jurisdiction over it by the courts of the State of Texas. Further, the assertion of personal jurisdiction over Defendant would so offend traditional notions of fair play and substantial justice as to violate the constitutional requirements of due process.

WHEREFORE, DEFENDANT respectfully requests that this Court set this special appearance for hearing before hearing any other plea, and that upon hearing, the Court sustain Defendant's special appearance and enter a final judgment dismissing all of Plaintiffs' claims against Defendant for want of personal jurisdiction.

Respectfully submitted,

SHEEHY, WARE & PAPPAS, P.C.

By: _/s/ Kyle M Rowley_

Kyle M. Rowley
Texas State Bar No. 17347700
krowley@sheehyware.com
Giorgio "George" Caflisch
Texas State Bar No. 03588720
gcafllisch@sheehyware.com
909 Fannin Street, Suite 2500
Houston, Texas 77010
PHONE: (713) 951-1000
FAX: (713) 951-1199

ATTORNEYS FOR DEFENDANT
JLG INDUSTRIES, INC.

3805173_1

# DOC. 44

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a copy of this pleading was electronically filed with the Clerk of Court and a true and correct copy of the foregoing was served on all record of counsel.

William "Bill" J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
btinning@tinninglaw.com

J. Michael Guerra
Law Office of J. Michael Guerra
P.O. Box 1968
Alice, Texas 78333
jmguerra67@yahoo.com

Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second Street
Alice, Texas 78332
barreralawfirm@aol.com

Thomas J. Smith
Kelly C. Hartmann
Denise N. Kruse
Trenton J. Wallis
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010
tsmith@gallowaylawfirm.com
khartmann@gallowaylawfirm.com
dkruse@gallowaylawfirm.com
twallis@gallowaylawfirm.com

Barbara J. Barron
Mehaffy Weber, P.C.
2615 Calder, Suite 800
Beaumont, Texas 77702
BarbaraBarron@mehaffyweber.com

_/s/ Kyle M Rowley_
Kyle M. Rowley

3805173_1

# DOC. 44

CAUSE NO. 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR., | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|     Defendants | § | JIM WELLS COUNTY, TEXAS |

## **Affidavit of Mark Vaughns**

1.    "I am the Director of Product Safety & Reliability for JLG Industries, Inc. ("JLG"). I am competent to be a witness in this case and am more than eighteen years of age.

2.    JLG is a corporation organized under the laws of Pennsylvania with its principal place of business in McConnellsburg, Pennsylvania.

3.    JLG has no manufacturing or sales offices or facilities in Texas.

4.    The JLG forklift involved in the above-captioned matter has been identified as a model G9-43A forklift bearing the serial number 0160061493 ("the Forklift"). The Forklift was manufactured by JLG in Pennsylvania and shipped by it from Pennsylvania.

Page 1 of 2

DOC. 44

5.     As evidenced by the invoice for the sale of the Forklift, a true and correct copy of which is attached as "Exhibit A-1," JLG sold the Forklift to H&E Equipment Services, Inc., a Louisiana Corporation with its office at 7500 Pecue Lane, Baton Rouge, Louisiana.

6.     At H&E Equipment Services, Inc.'s request, the Forklift was shipped freight pre-paid, by third party carrier FLS Transportation, to a location in San Antonio, Texas on or about June 20, 2014.

7.     JLG did not negotiate with or sell or rent the Forklift to Mr. Jose Revilla or his employer.

JLG INDUSTRIES, INC.

By: _____
Mark Vaughns

| | |
|---|---|
| THE STATE OF MARYLAND | § |
| | § |
| COUNTY OF WASHINGTON | § |

KNOW ALL PERSONS BY THESE PRESENTS

BEFORE ME, the undersigned authority, on this day personally appeared Mark Vaughns who, being by me first duly sworn, on his oath deposed and said that he is the Director of Product Safety & Reliability for JLG Industries, Inc., that he is authorized to verify JLG Industries, Inc.'s Special Appearance, and that to the best of his information, knowledge and belief, the above statements are true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 8ᵗʰ day of May, 2020.

_____
Notary Public in and for The State of Maryland

My Commission Expires:

September 21, 2023

3806938v1

JESSICA I PATLA
Notary Public-Maryland
Washington County
My Commission Expires
September 21, 2023

Page 2 of 2

DOC. 44



**JLG Industries, Inc.**
1 JLG Drive
McConnellsburg, PA 17233-9533
Telephone (717) 485-5161
Fax (717) 485-6417

An Oshkosh Corporation Company

# INVOICE

| CUSTOMER P.O. NO. | SALES ORDER NO. | CUSTOMER ORDER DATE | TERMS | INVOICE DATE | INVOICE NO. | INV. SEQ. |
|---|---|---|---|---|---|---|
| 3500051709 | CO 7333319 | 6/06/14 | 5% 30 NET 31 DAYS | 6/20/14 | 998437 | 60001 |

| FREIGHT | INCOTERMS | BILL OF LADING NO. | CARRIER | DATE SHIPPED | CUSTOMER NO. | PAGE NO. |
|---|---|---|---|---|---|---|
| PREPAID FREIGHT | | 430028 | FLS TRANSPORTATION | 6/20/14 | 1268801 | 1 |

SOLD TO

H&E EQUIPMENT SERVICES, INC.
CORPORATE OFFICE
7500 PECUE LANE
BATON ROUGE, LA  70809
USA

SHIPPED TO

H & E HI LIFT
5433 RANDOLPH BLVD
SAN ANTONIO, TX  78233
USA

STORE ID:

| ITEM | PART NO. | DESCRIPTION | QTY. SHIP | QTY. B.O. | LIST PRICE | DISC. | NET |
|---|---|---|---|---|---|---|---|
| | | Serial No: 0160061493 | | | | | |
| 100 | A8312136 | G9-43A | 1 | | 165,510.00 | 45.4 | 90,368.46 |
| | | Package 00 | | | | | |
| | | DOMESTIC | | | | | |
| | | ANSI USA | | | | | |
| | | OPEN CAB | | | | | |
| | | QUICK-ATTACH,MANUAL | | | | | |
| | | DURAFORCE, 370/75-28 FOAM TIRES | | | | | |
| | | CONTROLS,STANDARD | | | | | |
| | | N (INSTL)60" TILT CARRIAGE | | | | | |
| | | FORK,PALLET 2.36X4X48 | | | | | |
| | | ENGLISH DECALS | | | | | |
| | | LEFT-HAND AUXILIARY | | | | | |
| | | H&E EQUIPMENT DECALS | | | | | |
| | | STANDARD COLORS | | | | | |
| | | SEAT(TRIMLINE) | | | | | |
| | | NON-SUPPLY STABILIZERS | | | | | |
| | | Additional Discount Amount | | | | | 4,067.02CR |
| | | 1 YEAR WARRANTY | | | | | |
| | | Freight - Machines | | | | | 2,744.00 |
| | | IF YOUR PAYMENT OF THIS INVOICE | | | | | |
| | | IS POSTMARKED ON OR BEFORE | | | | | |
| | | 7/21/14, YOU MAY DEDUCT A CASH | | | | | |
| | | DISCOUNT TOTALING 4315.07 | | | | | |

MAIL PAYMENT TO:

JLG INDUSTRIES, INC.
14943 COLLECTIONS CENTER
     DRIVE
CHICAGO, IL  60693

| | | |
|---|---|---|
| Subtotal: | USD | 89,045.44 |
| Tax: | | .00 |
| PLEASE PAY THIS AMOUNT | USD | 89,045.44 |

TERMS AND CONDITIONS ON THE REVERSE SIDE ARE AN INTEGRAL PART OF THIS CREDIT MEMO/INVOICE.

# DOC. 44

**TERMS AND CONDITIONS OF SALE**

--------------------------------------------------------------------------------

1.          OFFER.   JLG Industries, Inc. ("Manufacturer") offers to sell the goods or services designated in this Invoice in the quantities and at the prices specified (the "Merchandise"). The prices for the Merchandise are subject to change without notice in accordance with the prices in effect on the date of shipment. All prices are F.O.B. Manufacturer's factory.  No order shall be binding upon Manufacturer until accepted by Manufacturer, and Manufacturer reserves the right to reject in whole or in part for any reason whatsoever any order at any time and to revoke the acceptance of any order at any time and from time to time. Purchaser acknowledges that it is aware of the Manufacturer's policies not to accept orders from any customer unless Manufacturer has received assurances satisfactory to it that such customer will provide or has made appropriate arrangements for the initial installation, delivery, normal warranty and post warranty servicing of the Merchandise sold, leased, or otherwise disposed of by such customer, all as provided in the Manufacturer's then current policies.  Manufacturer reserves the right to rescind its acceptance or withhold or defer delivery of all or any portion of an order for any sale if Manufacturer shall reasonably conclude that any of the Purchaser's assurances described in the preceding sentence are no longer satisfactory or have not been, are not being, or will not be complied with in a manner satisfactory to Manufacturer.

2.          ACCEPTANCE.  These terms and conditions constitute an offer by Manufacturer and this offer may only be accepted on these exact terms and conditions.  No additional or conflicting terms or modifications shall be accepted.  These terms and conditions supersede the terms and conditions of Purchaser's purchase order or other documents and any additional or conflicting terms or modifications set forth in Purchaser's purchase order or other documents are hereby objected to.

3.          SHIPMENT, RISK OF LOSS AND TITLE.  Shipments of the Merchandise hereunder are F.O.B. Manufacturer's factory unless otherwise set forth in this Invoice, and Purchaser assumes all risk of liability for loss, damage, or destruction after delivery of the Merchandise to the carrier.  Upon delivery of Merchandise to carrier, Manufacturer retains title, for security purposes only, to all Merchandise until paid in full in cash, and Manufacturer may, at Manufacturer's option, repossess the same upon Purchaser's default in payment hereunder and charge Purchaser with any deficiency.  If shipment as originally scheduled by Manufacturer is delayed by Purchaser, Manufacturer reserves the right to invoice Purchaser and store the Merchandise at Purchaser's expense and/or to impose charges and fees in accordance with the Manufacturer's then current policies.

4.          PAYMENT.   All prices for the Merchandise are payable in accordance with the terms set forth in this Invoice.  Manufacturer may require payment or satisfactory security prior to shipment at its discretion.  Invoices for the purchase of Merchandise which are paid beyond the terms set forth in this Invoice will carry an interest charge at the rate of two points above the prime rate quoted in the Wall Street Journal for each day of said period until paid.  However, in no event will the interest rate used exceed the maximum rate permitted by law.  In the event it becomes necessary for JLG to incur legal or other expenses for the collection of any amount due hereunder, Purchaser agrees to pay, in addition to any other amount set forth herein, the actual amount of such fees and expenses.

5.          TAXES.  All prices quoted herein for the Merchandise are exclusive of any city, state or federal sales, use, occupational or privilege taxes, duties, fees, excises or any other taxes or charges which are levied, assessed, or imposed on the manufacture, purchase, sale, delivery, importation, use or any other basis on the Merchandise furnished or any parts thereof.  Whenever applicable, a separate charge will be made for such charges, whether noted in the invoice or added subsequently.  Purchaser shall bear responsibility for all such taxes and charges and shall be solely responsible for payment thereof.

6. WARRANTY.  Manufacturer's sole warranty as respects the Merchandise shall be its standard new product warranty applicable to the Merchandise and in effect on the date of shipment. In no case shall the new product warranty extend to defects in materials, components or services furnished by third parties or to the erection or installation of the Merchandise performed by third parties.  Defects caused by chemical action, or the presence of abrasive materials and defects arising following the operation beyond rated capacity or the improper use or application of any Merchandise shall not be considered defects within the scope of the new product warranty.  If any repairs or alterations are made or any parts are replaced during the period covered by the new product warranty by an entity not authorized by Manufacturer or not in accordance with authorized Manufacturer's service manuals or with other than parts, accessories, or attachments authorized by Manufacturer for use in the Merchandise, Purchaser shall pay for such repairs or parts without recourse against Manufacturer, and Manufacturer shall be relieved of responsibility for fulfillment of the new product warranty with respect to such parts or components and of all repairs, alterations or replacements so made.

In no case shall the new product warranty extend to defects in materials, components or services furnished by third parties. UNDER NO CIRCUMSTANCE SHALL MANUFACTURER BE LIABLE FOR ANY CONSEQUENTIAL OR SPECIAL DAMAGES WHICH ANY PERSON, FIRM, CORPORATION, OR OTHER ENTITY MAY SUFFER OR CLAIM TO SUFFER OR INCUR OR CLAIM TO INCUR AS A RESULT OF ANY DEFECT IN THE MERCHANDISE OR IN ANY CORRECTION OR ALTERATION THEREOF MADE OR FURNISHED BY MANUFACTURER OR OTHERS.  "Consequential" or "special" damages as used herein includes, but is not limited to, costs of transportation, lost sales, lost orders, lost profits, lost income, increased overhead, labor and materials costs, and costs of manufacturing variances and operational inefficiencies. The maximum liability of Manufacturer under the new product warranty shall be the amount paid to Manufacturer with respect to the Merchandise to which such warranty applies. The new product warranty constitutes Manufacturer's entire warranty as to the Merchandise, and it is expressly agreed that the remedies of Purchaser and those claiming under Purchaser as stated in the warranty are exclusive.  Manufacturer does not assume (and has not authorized any other person to assume on its behalf) any other warranty or liability in connection with the Merchandise covered by the new product warranty.  MANUFACTURER EXPRESSLY DISCLAIMS ANY AND ALL OTHER WARRANTIES OF ANY KIND WHATSOEVER AS TO THE MERCHANDISE FURNISHED HEREUNDER, INCLUDING BUT NOT LIMITED TO EXPRESS OR IMPLIED WARRANTIES AS TO MERCHANTABILITY, FITNESS FOR PARTICULAR PURPOSES SOLD, AND DESCRIPTON OR QUALITY OF THE MERCHANDISE. The new product warranty shall be void if, upon the occurrence of any incident involving the Merchandise and resulting in any personal injury or property damage, Purchaser shall fail to notify Manufacturer within 48 hours of such occurrence or to permit Manufacturer and its representatives to have immediate access to such Merchandise and to all records of or within the control of Purchaser relating to the Merchandise and the occurrence. THE LIMITATION OF LIABILITY PROVISIONS SET FORTH HEREIN AND IN THE NEW PRODUCT WARRANTY SHALL APPLY TO ANY AND ALL CLAIMS OR SUITS BROUGHT AGAINST MANUFACTURER INCLUDING ANY CLAIM BASED UPON NEGLIGENCE, BREACH OF CONTRACT, BREACH OF WARRANTY, STRICT LIABILITY OR ANY OTHER LEGAL THEORIES UPON WHICH LIABILITY MAY BE ASSERTED AGAINST MANUFACTURER.

7.          EXCUSABLE DELAY.  Any delivery dates agreed to by Manufacturer are only approximate and are subject to change by Manufacturer. In any event, Manufacturer shall not be liable for delays or failures in performance of an order or default in delivery arising out of or resulting from causes beyond its reasonable control and without its fault or negligence.  Such causes include, but are not restricted to:  acts of God; of the Purchaser; of any branch of government or of the public enemy; fire; flood; strikes or labor matters; freight embargoes; weather; accidents; war; insurrection or riot; failures of and delays by carriers; transportation or utility shortages or curtailments; or default of suppliers or subcontractors due to any such causes.  In the event of delay for any such cause, the specified delivery date shall be extended for a reasonable length of time, but not less than the period of delay.  Delay in delivery of any installment shall not relieve Purchaser of its obligation to accept remaining deliveries.  In no event shall Manufacturer be liable for any incidental or consequential damages arising out of any failure to deliver any Merchandise to Purchaser, any delay in the delivery thereof, or any rejection or revocation of acceptance thereof by Purchaser.

8.          CHANGES BY MANUFACTURER.  Manufacturer reserves the right to make changes in design or additions to or improvements in the Merchandise without liability and to install such change, addition or improvement in any Merchandise previously manufactured.

9.          CANCELLATIONS AND RESCHEDULES BY PURCHASER.  Cancellation and rescheduling are subject to acceptance by the Manufacturer and are also subject to cancellation charges and price increases in accordance with Manufacturer's then current policies.  Any reduction in quantities ordered shall constitute a partial cancellation subject to this clause.

10.          BANKRUPTCY.  In the event of any provisions, voluntary or involuntary, in bankruptcy or insolvency by or against Purchaser, or in the event of the appointment, with or without Purchaser's consent, of an assignee for the benefit of creditors or of a receiver, or if Manufacturer shall reasonably believe that Purchaser is unable to meet Purchaser's debts as they mature, Manufacturer shall be entitled to cancel all of Manufacturer's obligations under this offer and any agreement resulting herefrom, or any unfulfilled part of any such agreement without any liability of Manufacturer whatsoever.  Any cancellation shall be without prejudice to Manufacturer's rights.

11.          FORBEARANCE -- NO WAIVER.  Forbearance or failure of Manufacturer to enforce any of the terms and conditions stated herein, or to exercise any right accruing from default of Purchaser, shall not affect or impair Manufacturer's rights should such defaults continue; nor shall such forebearance or failure be deemed a waiver of Manufacturer's rights in case of any subsequent default of Purchaser.

12.          SEVERABILITY.  If any provision of this offer or any agreement resulting herefrom is unenforceable or invalid, the offer or agreement shall be ineffective only to the extent of such provision and the enforceability or validity of the remaining provisions shall not be affected thereby.

13.          ASSIGNMENT.  This offer and any agreement resulting herefrom may not be assigned by Purchaser, in whole or in part, except with the written consent of Manufacturer.

14.          HEADINGS.  Paragraph headings are for convenience only and shall not be considered in construing or interpreting this Invoice.

15.          APPLICABLE LAW.  This offer and any agreement resulting herefrom shall be interpreted, and the rights and liabilities of the parties hereto determined in accordance with the laws of the State of Pennsylvania.  In addition to the rights and remedies reserved herein, Manufacturer shall have all the rights and remedies available under law.

16.          COMPLETE AGREEMENT.  This offer, upon acceptance, supersedes all previous agreements, if any, between the parties, as respects the Merchandise, and it constitutes the sole, final and entire contract between them as respects the Merchandise.  No change, amendment, or modification or waiver of the terms and conditions set forth herein shall be effective unless made in writing signed by both parties.

# DOC. 44

**CAUSE NO. 20-02-60191-CV**

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR., | § | |
|      Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|     Defendants | § | JIM WELLS COUNTY, TEXAS |

## <u>ORDER GRANTING</u>

## <u>SPECIAL APPEARANCE OF DEFENDANT JLG INDUSTRIES, INC.</u>

On _____, 2020, the Special Appearance of Defendant JLG Industries, Inc. came on for hearing, before hearing any other plea or motion in this case. The Court is of the opinion that this Court does not have personal jurisdiction over JLG Industries, Inc. and that its plea to the jurisdiction should therefore be granted.

IT IS THEREFORE ORDERED that the special appearance and motion to the jurisdiction of this Court over JLG Industries, Inc. is sustained, and that Plaintiffs' claims against JLG Industries, Inc. are hereby dismissed for want of jurisdiction, without prejudice.

**DOC. 45**

SIGNED this_____day of _____, 2020.


_____

Honorable District Judge Presiding


3805170v1

**DOC. 45**

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,        Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area  Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
| Defendants | § | JIM WELLS COUNTY, TEXAS |

---

**PLAINTIFFS' SIXTH AMENDED PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and, JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs), complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT

DOC. 46

SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E); and JLG INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant JLG), and for cause of action would respectfully show unto this Honorable Court as follows:

## I.  **DISCOVERY**

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. **PARTIES**

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

DOC. 46

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Barbara J. Barron, MEHAFFY WEBER P.C.

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served by serving its registered agent for service CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

Defendant JLG INDUSTRIES, INC. is a corporation license to and doing business in the State of Texas which has been served by servings its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

All parties are Texas Citizens.

## III. <u>VENUE</u>

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

## IV. <u>FACTS, CAUSES OF ACTION, AND DAMAGES</u>

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES.  The forklift was put in the line and stream of commerce by Defendant H&E.

DOC. 46

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA.  NABORS INDUSTRIES is a

DOC. 46

parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job.  Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted.  In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments.  There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job.  This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

Defendant H&E was negligent of failing to monitor NABORS to see to is that maintenance and proper operating standards were maintained on the forklift.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

**DOC. 46**

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or omissions in amounting to negligence, negligence per se and/or gross negligence. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code. This was directly harmful to the family to the deepest degree because Defendant NABORS DRILLING TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke. The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present. The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

All NABORS entities were negligent and grossly negligent by the use of the pipe racks which were in use at the time and place in question which had multiple defects, including the failure to have a stop put in just short of at the end of the pipe rack on both pipe racks to create a "safe space" and failing to have a separation stop behind it, to keep the remaining pipe separated from those intended to be loaded. The accident happened in part because once a pipe is moved the mountain of pipe behind it is foreseeably disrupted, and rolls unimpeded towards the operator, in this case the late Mr. Revilla. This alone, or in combination with the acts omissions

**DOC. 46**

and/or defects of Defendants and the rentor, and manufacturer, proximately caused or producingly caused the accident and death in question.

Defendant H&E knew about the misrepresentations by NABORS that Mr. Revilla's death was due to a heart attack, and they did nothing to correct it. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the Workers Compensation Act in the State of Texas, more specifically, Chapters 417 and Chapter 451, and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Texas Labor Code. This cause of action therefore arises under the Worker's Compensation Act in the State of Texas.

Defendants H&E and JLG were negligent and guilty of product defects by having a forklift which did not have a seat sensor so that the forklift would immediately cut off and stop operation if the presence of an operator was detected to be absent. In addition, the unlabeled and improperly labeled indications for what gear the forklift was in did not sufficiently apprise a normal operator such as Mr. Revilla, who is certified. In addition, the forklift had no alarm indicating when it was about to move forward. In addition, the forklift could be placed in the neutral and in gear position and the appearance of a neutral position whereby the operator could deduce that it was safe to make a quick check, as Mr. Revilla did at the pipe rack, and the forklift, because of this defect, could still do - jump into gear. This was particularly exemplified at the inspection of April 9, 2020, on the same forklift, with another certified operator, when it jumped forward, even when in third gear.

All of the above, singularly or in combination, brought about the tragic preventable accident to Mr. Revilla, who was himself a certified operator, which crushed him, pinned him

**DOC. 46**

and killed him  In addition, if NABORS had had the ongoing requirement to have a second person as a flagger or for a spotter present, this accident does not happen.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs separately seek all actual damages permitted by Chapter 451 of the act against NABORS DRILLING TECHNOLOGIES and NABORS INDUSTSRIES, INC. for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

DOC. 46

**V. <u>DEMAND FOR JURY</u>**

Plaintiffs demand a jury trial and have tendered the appropriate fee.

**VI. <u>PRAYER</u>**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited

to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all

of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such

other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:      (361) 643-9600
Email:   btinning@tinninglaw.com

By:      *William J. Tinning*      _____

State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

Page **9** of **10**

**DOC. 46**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 11th day of May, 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

*William J. Tinning*
William J. Tinning

**DOC. 46**

Filed 5/12/2020 3:53 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

## CAUSE NO. 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR., | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., and, | § | |
| | § | |
| JLG INDUSTRIES, INC. | § | |
|     Defendants | § | JIM WELLS COUNTY, TEXAS |

## DEFENDANT JLG INDUSTRIES, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to and without waiving its previously-filed Special Appearance to the Court's jurisdiction, Defendant JLG Industries, Inc. ("JLG") files this Answer to the Petitions of Plaintiffs Melba M. Revilla, Individually and as Representative of the Estate of Jose Luis Revilla, Andrea Celeste Garcia and Jose L. Revilla, Jr. and would respectfully show the Court and jury the following:

## GENERAL DENIAL

1.    As authorized by Rule 92 of the Texas Rules of Civil Procedure, JLG enters a general denial of all matters plead by Plaintiffs and requests that the Court require Plaintiffs to

# DOC. 47

prove their charges and allegations by a preponderance of the evidence as required by the rules, statutes and Constitution of the State of Texas.

## AFFIRMATIVE DEFENSES

2.      JLG would show the incident in question was proximately caused by the decedent Jose Revilla's own negligence in failing to exercise that degree of care which an ordinary person would have exercised under the same or similar circumstances.

3.      JLG asserts that the sole, proximate and/or sole producing cause of the incident made the basis of this suit, or alternatively, a proximate and/or producing cause of such incident and any damages sought by Plaintiffs, was the acts, omissions, fault, negligence, responsibility, or other conduct of parties over whom JLG had no control or right of control, and of responsible third parties as that term is defined by law.

4.      JLG would show that the occurrence in question, as well as the damages complained of herein, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, products liability, breach of contract, breach of warranty or other conduct, legal liability or responsibility of the decedent, Jose Revilla, third-parties, settling persons, and/or responsible third-parties for whom JLG is not legally responsible. By reason thereof, JLG is entitled to have the Court and the jury apply the doctrine of proportionate responsibility or comparative negligence established by Texas Civil Practice & Remedies Code § 33.001 *et seq.* to reduce or bar any claim against JLG.

5.      Any product allegedly supplied by JLG complied with all applicable safety standards.

2

# DOC. 47

6.     JLG would respectfully show that the accident in question and the injuries and/or damages resulting therefrom, if any, were the result of an unavoidable accident as the term is defined in law.

7.     Plaintiffs' recovery, if any, against JLG should be limited to the extent that Plaintiffs' failed to mitigate their damages.

8.     JLG invokes its right to reduction of any verdict that may be rendered in this cause by credit for payments made by other persons or by percentage reduction to which JLG would be entitled.

9.     JLG would show that it is entitled to a credit or offset for all monies or consideration paid to the Plaintiffs by virtue of any type or form of settlement entered into by and between the Plaintiffs and any Defendants herein, settling person, responsible third party, or any other person or entity not a party to this lawsuit.  Accordingly, JLG would assert the affirmative defenses of offset, credit, and/or payment to the extent applicable as provided under Rule 94 of the Texas Rules of Civil Procedure.

10.     JLG pleads its rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

11.     Plaintiffs' recovery of medical expenses is limited by § 41.0105 of the Texas Civil Practice & Remedies Code.

12.     JLG invokes the limitation on the recoverability of lost earnings and loss of earning capacity pursuant to § 18.091 of the Texas Civil Practice & Remedies Code. Further, if Plaintiffs seek recovery for loss of earnings, loss of earning capacity and/or loss of contributions of a pecuniary value, the Court shall instruct the jury as to whether any recovery for such compensatory damages sought by Plaintiffs are subject to federal or state income taxes.

3

Answer of JLG
# DOC. 47

13.     JLG will show that any award of interest that is more than the applicable market rate of interest during the relevant time would be arbitrary, violate public policy, and violate the due process and equal protection guarantees of the Texas and United States Constitutions.

14.     Plaintiffs' damages may have been caused in whole or in part by "responsible third parties" or "settling parties" as those terms are understood under Texas law. If there is evidence to support such a submission, JLG reserves the right to submit the conduct of any "responsible third parties" or "settling parties" to the jury at the time of trial.

15.     Plaintiffs' damages were caused in whole or in part by the acts or omissions of third parties over whom JLG had no control or right of control.

16.     Plaintiffs' damages, if any, were caused in whole or in part by a new and independent cause.

17.     JLG contends that discovery in this case may show that the product in question had been modified and/or altered by third parties over whom JLG had no control.

18.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

19.     JLG pleads that with respect to all claims seeking punitive or exemplary damages, such damages are inappropriate and impermissible under the law due to the following:

- Punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiffs should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

- An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Texas Constitution.

4

Answer of JLG

# DOC. 47

- It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents, and/or representatives of the corporation under the doctrine of respondeat superior or any other vicarious liability doctrine.

- Punitive and/or exemplary damages constitute an unjust enrichment by reason of the unconstitutional taking of property without due process of law as provided under the United States Constitution and the Constitution of the State of Texas.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous on its face as well as in its application, that it denies Defendant due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and therefore, further prevents effective judicial review of any such punitive damages awards.

- Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily ascertained in advance so as to guide the behavior of individuals in their actions, thus constituting an ex-post facto law specifically prohibited by the United States Constitution and the Constitution in the State of Texas.

- An award of punitive and exemplary damages violates the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

- A defendant who is subject to the award does not have the right to refuse to testify against him/her/itself but must in fact take the stand and/or give deposition testimony or subject him/her/itself to the consequences of a default judgment.

- Any ratio of exemplary damages to actual damages greater than 1:1 violates the due process and excessive fines clauses of the state and federal constitutions.

Answer of JLG
DOC. 47

20.     In the unlikely event that the jury awards Plaintiffs exemplary or punitive damages, the damages are subject to the limits in §§ 41.007, 41.008, 41.010, 41.011 and 41.012 of the Texas Civil Practice & Remedies Code.

21.     JLG asserts that the amount of prejudgment interest on any damages awarded is limited by law and, in no event, can exceed the amount set forth by § 304.001 *et seq.* of the Texas Finance Code or other applicable statutes.

22.     In the unlikely event that Plaintiffs recover damages against JLG under one or more theories of recovery, Plaintiffs must elect their remedies.

<u>**NOTICE OF USE OF DOCUMENTS PRODUCED**</u>

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, JLG gives notice that all documents produced by the Plaintiffs will be used at any pretrial proceeding or at the trial of this case.

<u>**JURY DEMAND**</u>

Defendant JLG hereby formally makes a demand and application for a jury trial in this litigation, pursuant to Rule 216 of the Texas Rules of Civil Procedure. A jury fee is being tendered contemporaneously with the filing of this Application.

<u>**PRAYER**</u>

WHEREFORE, PREMISES CONSIDERED, JLG respectfully prays for judgment herein, costs of court, and for such other and further relief, either at law or in equity, general or special, to which JLG may show itself justly entitled.

6

Answer of JLG



Respectfully submitted,

SHEEHY, WARE & PAPPAS, P.C.

By:  /s/ Kyle M Rowley

    Kyle M. Rowley
    State Bar No. 17347700
    krowley@sheehyware.com
    George Caflisch
    State Bar No. 03588720
    gcafllisch@sheehyware.com
    909 Fannin Street, Suite 2500
    Houston, Texas 77010
    PHONE: (713) 951-1000
    FAX:  (713) 951-1199

    ATTORNEYS FOR DEFENDANT
    JLG INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2020, a copy of this pleading was electronically filed with the Clerk of Court and a true and correct copy of the foregoing was served on all record of counsel.

William "Bill" J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
btinning@tinninglaw.com

J. Michael Guerra
Law Office of J. Michael Guerra
P.O. Box 1968
Alice, Texas 78333
jmguerra67@yahoo.com

Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second Street
Alice, Texas 78332
barreralawfirm@aol.com

Thomas J. Smith
Kelly C. Hartmann
Denise N. Kruse
Trenton J. Wallis

7

Answer of JLG

# DOC. 47

Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010
tsmith@gallowaylawfirm.com
khartmann@gallowaylawfirm.com
dkruse@gallowaylawfirm.com
twallis@gallowaylawfirm.com


Barbara J. Barron
Mehaffy Weber, P.C.
2615 Calder, Suite 800
Beaumont, Texas 77702
BarbaraBarron@mehaffyweber.com

_/s/ Kyle M Rowley_____

Kyle M. Rowley

Answer of JLG
# DOC. 47

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,        Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area  Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., | § | |
| | § | |
| JLG INDUSTRIES, INC.; | § | |
| | § | |
| AMERICAN ZURICH INSURANCE | § | |
| COMPANY; and, | § | |
| | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC., | § | |
| Defendants | § | JIM WELLS COUNTY, TEXAS |

---

**PLAINTIFFS' SEVENTH AMENDED PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative

of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and,

JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs),

complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant

DOC. 48

NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E); JLG INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant JLG); AMERICAN ZURICH INSURANCE COMPANY (sometimes hereinafter referred to as Defendant ZURICH); and, SEDGWICK C LAIMS MANAGEMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant SEDGWICK CLAIMS), and for cause of action would respectfully show unto this Honorable Court as follows:

## I.  DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

DOC. 48

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Barbara J. Barron, MEHAFFY WEBER P.C.

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served by serving its registered agent for service CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

Defendant JLG INDUSTRIES, INC. is a corporation license to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record, Kyle M. Rowley, 909 Fannin Street, Suite 2500, Houston, Texas 77010.

Defendant AMERICAN ZURICH INSURANCE COMPANY is an insurance company licensed to and doing business in the State of Texas which can be served by serving its registered agent for service **Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.**

Defendant SEDGWICK CLAIMS MANAGEMENT SERVICE, INC. is an insurance company licensed to and doing business in the State of Texas which can be served by serving its registered agent for service **Commissioner of Insurance, 333 Guadalupe Street, Austin, Texas 78701-3938.**

**DOC. 48**

All parties are Texas Citizens.

### III. <u>VENUE</u>

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

### IV. <u>FACTS, CAUSES OF ACTION, AND DAMAGES</u>

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES.  The forklift was put in the line and stream of commerce by Defendant H&E.

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that

DOC. 48

two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for simple and gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA.  NABORS INDUSTRIES is a parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job.  Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted.  In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper

**DOC. 48**

equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments.  There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job.  This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

Defendant H&E was negligent of failing to monitor NABORS to see to is that maintenance and proper operating standards were maintained on the forklift.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas.  The Plaintiffs in this cause of action are the surviving wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or  omissions in amounting to negligence, and negligence per se. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code.  This was directly harmful  to  the  family  to  the  deepest  degree  because  Defendant  NABORS  DRILLING

DOC. 48

TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke.  The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present.  The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

All NABORS entities were negligent by the use of the pipe racks which were in use at the time and place in question which had multiple defects, including the failure to have a stop put in just short of at the end of the pipe rack on both pipe racks to create a "safe space" and failing to have a separation stop behind it, to keep the remaining pipe separated from those intended to be loaded.  The accident happened in part because once a pipe is moved the mountain of pipe behind it is foreseeably disrupted, and rolls unimpeded towards the operator, in this case the late Mr. Revilla.  This alone, or in combination with the acts omissions and/or defects of Defendants and the rentor, and manufacturer, proximately caused or producingly caused the accident and death in question.

Defendant H&E knew about the misrepresentations by NABORS that Mr. Revilla's death was due to a heart attack, and they did nothing to correct it.  This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the Workers Compensation Act in the State of Texas, more specifically, Chapters 417 and Chapter 451, and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Texas Labor Code.  This cause of action therefore arises under the Worker's Compensation Act in the State of Texas.

**DOC. 48**

Defendants SEDGWICK CLAIMS and ZURICH, the servicing agent and work comp carrier, respectively, knew there was a compensable work comp claim which, and went along with the misrepresentations that Mr. Revilla's death was due to a heart attack, and they deprived the clients from making a work comp claim. They made one payment and discontinued making payments which is further discrimination under Chapter 451 of the Texas Labor Code. In fact, on May 11, 2020, they admitted they had in fact neglected to make compensation payments to her.

Defendant JLG knowingly sold the forklift to H&E to be used by Nabors, and the employer, in Texas, out of their Corpus Christi office, of H&E, for use and rental in Texas.

Defendant JLG advertises in Texas, sell products in Texas, and have intentional contacts in Texas, and do business in Texas.

Defendants H&E and JLG were negligent and guilty of product defects by having a forklift which did not have a seat sensor so that the forklift would immediately cut off and stop operation if the presence of an operator was detected to be absent. In addition, the unlabeled and improperly labeled indications for what gear the forklift was in did not sufficiently apprise a normal operator such as Mr. Revilla, who is certified. In addition, the forklift had no alarm indicating when it was about to move forward. In addition, the forklift could be placed in the neutral and in gear position and the appearance of a neutral position whereby the operator could deduce that it was safe to make a quick check, as Mr. Revilla did at the pipe rack, and the forklift, because of this defect, could still do - jump into gear. This was particularly exemplified at the inspection of April 9, 2020, on the same forklift, with another certified operator, when it jumped forward, even when in third gear.

DOC. 48

All of the above, singularly or in combination, brought about the tragic preventable accident to Mr. Revilla, who was himself a certified operator, which crushed him, pinned him and killed him   In addition, if NABORS had had the ongoing requirement to have a second person as a flagger or for a spotter present, this accident does not happen.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs separately seek all actual damages permitted by Chapter 451 of the act against NABORS DRILLING TECHNOLOGIES, NABORS INDUSTSRIES, INC. for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

Separately, the same acts omissions and conduct by each or all of the defendants H&E, JLG, singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

DOC. 48

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

## V. DEMAND FOR JURY

Plaintiffs demand a jury trial and have tendered the appropriate fee.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:       (361) 643-9600
Email:   btinning@tinninglaw.com

By:      *William J. Tinning*
State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**DOC. 48**

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 15th day of May, 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

**Via Email:** krowley@sheehyware.com
Mr. Kyle M. Rowley
SHEEHY,WARE &PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010

_William J. Tinning_
William J. Tinning

# DOC. 48

Filed 5/27/2020 11:33 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

**CITATION – Personal Service**

THE STATE OF TEXAS           ORIGINAL

COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: AMERICAN ZURICH INSURANCE COMPANY, BY SERVING Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas
78701-3218.

(or wherever he/she may be found) Notice to DEFENDANT : You have been sued. You may employ an attorney. If
you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first
Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | MAY 15, 2020 |
| Document: | PLAINTIFF'S SEVENTH AMENDED PETITION |
| Parties in Suit: | MELBA M REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC., AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of the said court on this the 20 day of MAY , 20 20 .

R. David Guerrero, District Clerk
Jim Wells County, Texas
BY: _____, Deputy
Sandra Garcia

---

**Service Return**

Came to hand on the _____ day of _____, 20___ , at _____ m., and executed on the
_____ day of _____, 20___, at _____ M by delivering to the within named
_____
_____ in person  a true copy of this citation, with attached copy(ies) of
the _____ at
_____ .

[ ] Not executed. The diligence use in finding DEFENDANT being _____

[ ] Information received as to the whereabouts of DEFENDANT being _____

| Service Fee: $ 90.00 | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

**VERIFICATION**

On this day personally appeared _____ known to me to be the person whose name is
subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me
in this cause pursuant to the Texas Rules of Civil Procedure.  I am over the age of eighteen years and I am not a party to or interested in the
outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____, 20___.

_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

**DOC.52**



## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Jim Wells**                    **79th Judicial District Court**

Case Number: 20-02-60191-CV

Plaintiff:
**MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L, REVILLA, JR,,**

vs.

Defendant:
**NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.**

For:
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates on the 20th day of May, 2020 at 1:11 pm to be served on **American Zurich Insurance Company by serving its Registered Agent, Corporation Service Company, 211 E. 7th St., Ste 620, Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **20th day of May, 2020** at **2:25 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation, Plaintiff's Seventh Amended Petition, and Jury Demand** with the date of delivery endorsed thereon by me, to **John Spidel, Corporation Service Company** as the designated agent to accept service of process at the address of **211 E. 7th St., Ste 620, Austin, Travis County, TX 78701** on behalf of **American Zurich Insurance Company** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 20th
day of May, 2020 by the affiant who is personally
known to me

_____
NOTARY PUBLIC



NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

**DOC.52**

_____
**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

**Kim Tindall & Associates**
**16414 San Pedro**
**Ste. 900**
**San Antonio, TX 78232**
**(210) 697-3400**

Our Job Serial Number: KTA-2020000916

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

Filed 6/9/2020 2:05 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

**CITATION – Personal Service**

ORIGINAL

THE STATE OF TEXAS                                           COUNTY OF JIM WELLS

CAUSE NO. 20-02-60191-CV

TO: SEDGWICK CLAIMS MANAGEMENT SERVICE, INC., BY SERVING Commissioner of Insurance, 333 Guadalupe Street, Austin, Texas 78701-3938

(or wherever he/she may be found) Notice to DEFENDANT    : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | MAY 15, 2020 |
| Document: | PLAINTIFF'S SEVENTH AMENDED PETITION |
| Parties in Suit: | MELBA M REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC., AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, 1013 BLUFF DRIVE, PORTLAND, TEXAS 78374 |

Issued under my hand and seal of this _____ on this the 29 day of MAY , 20 20

R. David Guerrero, District Clerk
Jim Wells County, Texas
BY: Sandra Garcia _____, Deputy

**Service Return**

Came to hand on the _____ day of _____, 20___, at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the _____ at _____.

[ ] Not executed. The diligence use in finding DEFENDANT  being _____

[ ] Information received as to the whereabouts of DEFENDANT  being_____

| Service Fee: $ 140.00 | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

**VERIFICATION**

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

AFFIDAVIT ATTACHED

DOC. 53

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Jim Wells** | **79th Judicial District Court** |

Case Number: 20-02-60191-CV

Plaintiff:
**MELBA M. REVILLA, INDIVIDUALLY AND AS REPRESENTATWE OF THE THE
ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L, REVILLA,
JR,,**

vs.

Defendant:
**NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.;
BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for
NABORS INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.**

For:
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates on the 20th day of May, 2020 at 1:18 pm to be served on **Sedgewick Claims
Management Service, Inc. by serving its Registered Agent, by serving Commissioner of Insurance, 333 Guadalupe St,
Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **20th day of May, 2020** at **2:15 pm, I:**

served the **TEXAS DEPARTMENT OF INSURANCE** by delivering a true copy of the **Two Copies of Citation, Plaintiff's
Seventh Amended Petition, and Jury Demand** with the date of delivery endorsed thereon by me, to: **James Kelly** at **333
Guadalupe St, Austin, Travis County, TX 78701**, as the designated agent for the Texas Department of Insurance to accept
service of process on behalf of **Sedgewick Claims Management Service, Inc.**.  An administrative fee of $50.00 was also
tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in
the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and
correct.

Subscribed and sworn to before me on the 20th
day of May, 2020 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC



NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

**DOC. 53**

**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

**Kim Tindall & Associates
16414 San Pedro
Ste. 900
San Antonio, TX 78232**
(210) 697-3400

Our Job Serial Number: KTA-2020000917

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

To: 14098355177  From: 13616688240  Date: 05/27/20  Time: 12:34 PM  Page: 02

3616688240   Case 2:20-cv-00194   Document 1-1   Filed on 07/28/20 in TXSD   Page 164 of 192   2/2
Jim Wells Co. District Judge   02:33:01 p.m.   05-27-2020



**79TH JUDICIAL DISTRICT COURT**
**JIM WELLS & BROOKS COUNTIES**

200 N. ALMOND ST. • P. O. BOX 3080 • ALICE, TEXAS 78333
(361) 668-5718 • FAX (361) 668-8240

100 E. MILLER ST. • FALFURRIAS, TEXAS 78355
(361) 325-5604 • FAX (361) 325-9803

**Carol S. Salinas**
*Court Manager*

**Cristina V. Quintana**
*Assistant Court Manager*
*Criminal Division*

**Richard C. Terrell**
*Presiding Judge*

**Via Facsimile**

May 27, 2020

William J. Tinning
1013 Bluff Dr.
Portland, TX 78374
*Fax (361)643-9600*

Barbara J. Barron
P. O. Box 16
Beaumont, TX 77704
*Fax (409)835-5729*

Thomas J. Smith
1301 McKinney, Ste. 1400
Houston, TX 77010
*Fax (713)599-0777*

Re:   Cause No. 20-02-60191-CV, <u>Melba Revilla, et al v. Nabors Ind., et al</u>

Dear Counsel:

I am making the following ruling in the above cause:

a.   Defendant H&E Equipment Services, Inc.'s Motion to Release Forklift Back To Service is granted.

I am directing Defendant's counsel to prepare the Court's order in accordance with the above ruling and to circulate such orders to opposing counsel for approval as to form in accordance with this Court's Standing Orders. If you should have any questions about the contents of this correspondence, please don't hesitate to contact my office.

Best regards,

Richard C. Terrell
Judge Presiding

**DOC. 54**

Filed 6/1/2020 3:21 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

## CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,          Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area   Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., | § | |
| | § | |
| JLG INDUSTRIES, INC.; | § | |
| | § | |
| AMERICAN ZURICH INSURANCE | § | |
| COMPANY; and, | § | |
| | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| JLG MANUFACTURING, LLC, | § | |
| Defendants | § | JIM WELLS COUNTY, TEXAS |

---

### PLAINTIFFS' EIGHTH AMENDED PETITION WITH REQUESTS FOR DISCLOSURES

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, MELBA M. REVILLA (xxx-xx-x425), Individually and as Representative

of the Estate of JOSE LUIS REVILLA; ANDREA CELESTE GARCIA (xxx-xx-x333); and,

JOSE L. REVILLA, JR. (xxx-xx-x030) (sometimes hereinafter referred to as Plaintiffs),

**DOC. 57**

complaining of NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant NABORS INDUSTRIES); NABORS DRILLING TECHNOLOGIES USA, INC., (sometimes hereinafter referred to as Defendant NABORS DRILLING TECHNOLOGIES); BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for NABORS INDUSTRIES, INC. (sometimes hereinafter referred to as Defendant SCHELLENBERG); NABORS DRILLING, USA, INC. (sometimes hereinafter referred to as Defendant NABORS DRILLING, USA); H&E EQUIPMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant H&E); JLG INDUSTRIES, INC., JLG MANUFACTURING, LLC (sometimes hereinafter referred to as JLG Defendants); AMERICAN ZURICH INSURANCE COMPANY (sometimes hereinafter referred to as Defendant ZURICH); and, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (sometimes hereinafter referred to as Defendant SEDGWICK CLAIMS), and for cause of action would respectfully show unto this Honorable Court as follows:

## I.  DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

Plaintiff MELBA M. REVILLA brings this suit Individually and as Representative of the Estate of JOSE LUIS REVILLA, deceased.

Plaintiffs ANDREA CELESTE REVILLA and JOSE L. REVILLA, JR. bring this suit individually.

DOC. 57

Defendant NABORS INDUSTRIES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant NABORS DRILLING TECHNOLOGIES, USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant BRETT SCHELLENBERG is an individual who has been served and has answered and appeared herein by and through its attorney of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH.

Defendant H&E EQUIPMENT SERVICES, INC. is a corporation licensed to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record Barbara J. Barron, MEHAFFY WEBER P.C.

Defendant NABORS DRILLING USA, INC. is a corporation licensed to and doing business in the State of Texas which has been served by serving its registered agent for service CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

Defendant JLG INDUSTRIES, INC. is a corporation license to and doing business in the State of Texas which has been served and has answered and appeared herein by and through its attorney of record, Kyle M. Rowley, 909 Fannin Street, Suite 2500, Houston, Texas 77010.

Defendant AMERICAN ZURICH INSURANCE COMPANY is an insurance company licensed to and doing business in the State of Texas, and is in the process of being served with citation.

DOC. 57

Defendant SEDGWICK CLAIMS MANAGEMENT SERVICE, INC. is an insurance company licensed to and doing business in the State of Texas which has been served with citation, but no appearance has been made.

Defendant **JLG MANUFACTURING, LLC** is a corporation doing business in the State of Texas but does not have a registered agent in the State of Texas and; therefore, can be served by serving the Texas Secretary of State. at the following address: **Citations Unit, Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 220, Austin, Texas 78701**. **The Secretary of State can serve Defendant JLG MANUFACTURING, LLC by serving its President FRANK NERENHAUSEN, at 1 JLG Drive, McConnellsburg, PA 17233**. **CITATION IS HEREBY REQUESTED.**

All parties are Texas Citizens.

## III. VENUE

Pursuant to T.R.C.P. 15.002(a)(1) venue is proper and sustainable in Jim Wells County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Jim Wells County, Texas.

## IV. FACTS, CAUSES OF ACTION, AND DAMAGES

On or about January 27, 2020, when in the course and scope of his employment for Defendant NABORS DRILLING TECHNOLOGIES, Mr. Revilla was sent by himself to retrieve pipe with a forklift which was rented to Defendant NABORS DRILLING TECHNOLOGIES and/or NABORS DRILLING USA, which company was under the supervision and control of NABORS INDUSTRIES. The forklift was put in the line and stream of commerce by Defendant H&E.

DOC. 57

Mr. Revilla was pinned, suffered excruciating conscious pain and suffering before his ultimate death as a result of the negligence and defects described more particular herein. Defendant Employer NABORS DRILLING TECHNOLOGIES was grossly negligent because Mr. Revilla was sent alone to do a job which requires a spotter or flagger.  Although he was licensed and certified, he had to leave the crane to set up the forklift for proper lift of the pipe. Had there been two people present, this accident would not have happened, since the brake could have been set and the forklift would have been immovable.  That failure was negligence and gross negligence on the part of employer NABORS DRILLING TECHNOLOGIES and parent NABORS INDUSTRIES, and NABORS DRILLING USA, which was grossly negligent in allowing this to happen since the previous rules and regulations applicable to them required that two people be present; the forklift and instructions provided to Mr. Revilla to use were improper, inadequate, unsafe and defective equipment for this use.

 Defendant H&E is the rental company which provided the forklift without placing a sensor to detect the presence of an operator which would likewise have required two persons to be present and would have prevented this accident.  There were no instructions not to use for this attempted use. The aforementioned amounts to a defect by any company which placed the forklift in the stream of commerce and also amounts to negligence.  In the alternative, the accident in question, in combination or separate from the negligence and gross negligence of the NABORS Defendants, H&E is in the business of placing such equipment in the stream of commerce and is therefore liable not only for simple and gross negligence but also under products liability, pursuant to §402A and402B of the restatement (2d) of torts as accepted in Texas.

DOC. 57

Defendant SCHELLENBERG is a vice principal and area manager for Defendant NABORS INDUSTRIES and/or NABORS DRILLING USA. NABORS INDUSTRIES is a parent company of the employing defendant NABORS DRILLING TECHNOLOGIES. Defendant SCHELLENBER was on the scene and reported to the sheriff's department that Mr. Revilla was found hit by a forklift and in fact then participated, condoned, and if not, originated the lie that Mr. Revilla had suffered a heart attack on the job. Defendant SCHELLENBERG allowed this misrepresentation and lie to go public, to become public, and never retracted. In addition, he failed in his supervisory jobs to see to it that Defendant NABORS DRILLING TECHNOLOGIES was using the safety rule required two man team to perform the attempted task assigned to Mr. Revilla, and failed to see that periodic maintenance was done so that the brake was effective on the forklift in question, and further failed to see to it that proper equipment was provided and used to move pipe, which a forklift is not designed to do for this operation, and without the proper attachments. There, in fact, was no correct such piece of equipment in the yard whatsoever; which was readily visible to any supervisor in the position of Defendant SCHELLENBERG for doing this attempted job. This is an intentional and grossly negligent level of conduct on the part of all NABORS Defendants, and is further evidence of the intentional infliction of emotional distress and the Section 451 of the Labor Code violations of Defendant SCHELLENBERG personally in the course and scope of his supervisory and vice principal duties for the NABORS Defendants.

Defendant H&E was negligent of failing to monitor NABORS to see to is that maintenance and proper operating standards were maintained on the forklift.

This act action is brought pursuant to both the survival and wrongful death statute as well as the common law in the State of Texas. The Plaintiffs in this cause of action are the surviving

**DOC. 57**

wife and children and all heirs of the body of the late Jose Luis Revilla who was in the course and scope of his employment for a worker comp subscriber at the time of this action.

In addition to the above, the NABORS defendants deliberately misrepresented and lied about the cause and source of the late Mr. Revilla's death and said publicly that it was due to natural causes and that he had had a heart attack when in fact they knew from the outset that he was pinned and crushed by the aforementioned acts or omissions in amounting to negligence, and negligence per se. This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the workers compensation in the State of Texas and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Labor Code.  This was directly harmful to the family to the deepest degree because Defendant NABORS DRILLING TECHNOLOGIES, NABORS INDUSTRIES and NABORS DRILLING USA knew the true nature of the acts or omissions giving rise to the death of the late Mr. Revilla, and rumors were rampant all over Alice Texas that Mr. Revilla had in fact died as a result of a stroke.  The last ones to be informed of the truth of this were the Plaintiffs during the commencement of the rosary for their late husband and father with a full church of friends, relatives, and mourners already present.   The effect of this discrimination could not have been more dramatic or damaging. This also amounts to intention infliction of emotional distress to the family.

All NABORS entities were negligent by the use of the pipe racks which were in use at the time and place in question which had multiple defects, including the failure to have a stop put in just short of at the end of the pipe rack on both pipe racks to create a "safe space" and failing to have a separation stop behind it, to keep the remaining pipe separated from those intended to be loaded.  The accident happened in part because once a pipe is moved the mountain of pipe

DOC. 57

behind it is foreseeably disrupted, and rolls unimpeded towards the operator, in this case the late Mr. Revilla.  This alone, or in combination with the acts omissions and/or defects of Defendants and the rentor, and manufacturer, proximately caused or producingly caused the accident and death in question.

Defendant H&E knew about the misrepresentations by NABORS that Mr. Revilla's death was due to a heart attack, and they did nothing to correct it.  This was done specifically to prevent Plaintiffs from being able to use the protections, provisions, and benefits on the Workers Compensation Act in the State of Texas, more specifically, Chapters 417 and Chapter 451, and, therefore, was and is the direct attempt to discriminate against them for having the right to exercise under that act, which is a violation of Section 451 of the Texas Labor Code.  This cause of action therefore arises under the Worker's Compensation Act in the State of Texas.

Defendants SEDGWICK CLAIMS and ZURICH, the servicing agent and work comp carrier, respectively, knew there was a compensable work comp claim which, and went along with the misrepresentations that Mr. Revilla's death was due to a heart attack, and they deprived the clients from making a work comp claim.  They made one payment and discontinued making payments which is further discrimination under Chapter 451 of the Texas Labor Code.  In fact, on May 11, 2020, they admitted they had in fact neglected to make compensation payments to her.

JLG Defendants knowingly sold the forklift to H&E to be used by Nabors, and the employer, in Texas, out of their Corpus Christi office, of H&E, for use and rental in Texas.

JLG Defendants advertises in Texas, sell products in Texas, and have intentional contacts in Texas, and do business in Texas.

DOC. 57

Defendants H&E and JLG were negligent and guilty of product defects by having a forklift which did not have a seat sensor so that the forklift would immediately cut off and stop operation if the presence of an operator was detected to be absent.  In addition, the unlabeled and improperly labeled indications for what gear the forklift was in did not sufficiently apprise a normal operator such as Mr. Revilla, who is certified.  In addition, the forklift had no alarm indicating when it was about to move forward.  In addition, the forklift could be placed in the neutral and in gear position and the appearance of a neutral position whereby the operator could deduce that it was safe to make a quick check, as Mr. Revilla did at the pipe rack, and the forklift, because of this defect, could still do - jump into gear.  This was particularly exemplified at the inspection of April 9, 2020, on the same forklift, with another certified operator, when it jumped forward, even when in third gear.

All of the above, singularly or in combination, brought about the tragic preventable accident to Mr. Revilla, who was himself a certified operator, which crushed him, pinned him and killed him  In addition, if NABORS had had the ongoing requirement to have a second person as a flagger or for a spotter present, this accident does not happen.

Defendants NABORS INDUSTRIES and NABORS DRILLING USA were in control of NABORS DRILLING TECHNOLOGIES and made the decisions complained of herein.

Plaintiffs separately seek all actual damages permitted by Chapter 451 of the act against NABORS DRILLING TECHNOLOGIES, NABORS INDUSTSRIES, INC. for this blatant misrepresentation and lie about the circumstances of Mr. Revilla's death.

The aforementioned conduct by each/all defendants amounts to a violation of Rule 402A and 402B as adopted in Texas otherwise known as a products liability defect in manufacture, marketing, or design which producingly caused the damages complained of here in.

**DOC. 57**

Separately, the same acts omissions and conduct by each or all of the defendants H&E, JLG, singularly or in combination amount to negligence and gross negligence and negligence per se which proximately caused the injuries and damages complained to the late Mr. Revilla, and his estate is entitled to recover for his conscious pain and suffering.  This case is also brought pursuant to the Texas wrongful-death and survival statutes and each surviving family member and plaintiff is entitled to recover their fullest damages for the death of the late Mr. Revilla, their late father and husband for the actions omissions negligence and defects complained of herein.

Plaintiff MELBA M. REVILLA is the late Mr. Revilla's widow, and mother to their surviving children, ANDREA CELESTE GARCIA and JOSE L. REVILLA, JR., who are all heirs to his body.

All damages are in excess of this Court's minimum jurisdictional requirements.

Pursuant to TRCP 47(5) Plaintiffs seek monetary relief over $1,000,000.00, for all their actual and punitive damages as well as legal interest at the legal rate, both pre and post judgment.

## V. REQUEST FOR DISCLOSURE TO DEFENDANT JLG MANUFACTURING, LLC

Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant JLG MANUFACTURING, LLC disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VI. DEMAND FOR JURY

Plaintiffs demand a jury trial and have tendered the appropriate fee.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray: (1) that Defendants be cited to appear and answer herein; (2) that upon jury trial in this honorable court they have retrieve all

**DOC. 57**

of their actual damages, punitive damages, statutory damages and attorney fees; and, (3) for such

other and further relief at law and equity for which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:      (361) 643-9600
Email:  btinning@tinninglaw.com

By:    _William J. Tinning_____

State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

DOC. 57

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 1st day of June, 2020, to-wit:

**Via Email:** tsmith@gallowaylawfirm.com
Thomas J. Smith
**Via Email:** khartmann@gallowaylawfirm.com
Kelly C. Hartmann
**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH**
1301 McKinney, Suite 1400
Houston, Texas 77010

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

**Via Email:** krowley@sheehyware.com
Mr. Kyle M. Rowley
SHEEHY,WARE &PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010


_William J. Tinning_
William J. Tinning

**DOC. 57**

Filed 6/4/2020 11:07 AM
R. David Guerrero
Jim Wells County, Texas
District Clerk
Emily Viera, Deputy

# WILLIAM J. TINNING, P.C.
## ATTORNEY AT LAW
720 W. Broadway Ave.
Portland, Texas 78374
TELEPHONE: (361) 643-9200
Fax: (361) 643-9600

BOARD CERTIFIED
CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

BOARD CERTIFIED
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

June 4, 2020

**Via Email: barbarabarron@MehaffyWeber.com**
Barbara Barron
MEHAFFY WEBER, P.C.
P.O. Box 16
Beaumont, Texas 77704

Re:   Cause No.: 20-02-60191-CV; *Melba M. Revilla, Ind. and as Rep. of the Estate of Jose Luis Revilla, Andrea Celeste Garcia & Jose L. Revilla, Jr. vs. Nabors Industries, Inc., et al*; In the 79th Judicial District Court; Jim Wells County, Texas

## RULE 11 AGREEMENT

Dear Ms. Barron:

This letter will confirm you have agreed to grant Plaintiff a two (2) week extension from June 4, 2020 to answer Defendant H&E's Interrogatories and Request for Production and consider them timely. Plaintiff's Objections and/or Responses will now be due on June 18, 2020.

If this accurately reflects our agreement, please sign this letter in the space below and return to my office so I may e-file with the court.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

**WILLIAM J. TINNING, P.C.**

*/s/ William J. Tinning*
William J. Tinning
State Bar No. 20060500

**AGREED:**

Barbara Barron
State Bar No. 01817250

# DOC. 59

FILED
6/8/2020 9:08 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Patricia Martinez, Deputy

CAUSE NO: 20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, Individually and | § | IN THE DISTRICT COURT OF |
| as Representative of the Estate of JOSE | § | |
| LUIS REVILLA; ANDREA CELESTE | § | |
| GARCIA; JOSE L REVILLA, JR. | § | |
| | § | |
| VS. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| NABORS INDUSTRIES, INC., ET. AL. | § | 79TH JUDICIAL DISTRICT |

**ORDER ON DEFENDANT'S MOTION TO RELEASE
JLG FORKLIFT BACK TO SERVICE**

BE IT REMEMBERED that on this date the Court considered Defendant H&E Equipment Services, Inc.'s Motion to Release JLG Forklift Back to Service.

The Court, after having considered the Motion and having heard the arguments of all counsel, is of the opinion that the Motion is meritorious and should be in all things **GRANTED.**

It is therefore **ORDERED** that all parties have been afforded sufficient opportunity to inspect, test, and record the JLG forklift at issue in this matter and to obtain necessary evidence from the JLG forklift at each party's choosing;

It is further **ORDERED** that, as such, no party will be prejudiced by H&E Equipment Services, Inc. returning the forklift back into service to be rented to its customers;

It is further **ORDERED** that H&E Equipment Services, Inc. can return the JLG forklift to service for rental to other customers beginning immediately and continuing until further order of this Court;

It is further **ORDERED** that no action taken by H&E Equipment Services, Inc. or its customers with respect to the possession, handling, use, or rental of the JLG forklift shall constitute the basis of any claim of spoliation of evidence made by any party.

BEAULITIGATION:1772166.1

**DOC. 62**

DATED: _6/8/2020_____, 2020.

_____

JUDGE PRESIDING

# DOC. 62

CAUSE NO: 20-02-60191-CV

| MELBA M. REVILLA, Individually and | § | IN THE DISTRICT COURT OF |
|---|---|---|
| as Representative of the Estate of JOSE | § | |
| LUIS REVILLA; ANDREA CELESTE | § | |
| GARCIA; JOSE L REVILLA, JR. | § | |
| | § | |
| | § | |
| VS. | § | JIM WELLS COUNTY, TEXAS |
| | § | |
| | § | |
| NABORS INDUSTRIES, INC., ET. AL. | § | 79TH JUDICIAL DISTRICT |

**DEFENDANT'S SPECIAL EXCEPTIONS AND ANSWER TO PLAINTIFF'S EIGHTH AMENDED PETITION**

COMES NOW, H&E Equipment Services, Inc., hereinafter referred to as "Defendant", and files its Special Exceptions and Answer to Plaintiffs' Eighth Amended Petition and would show the Court as follows:

**SPECIAL EXCEPTIONS**

1.      Defendant specially excepts and objects to Plaintiff's Eighth Amended Petition, section IV (unnumbered paragraph on page 8) wherein it is alleged that "Defendant H&E knew about the misrepresentations by NABORS that Mr. Revilla's death was due to a heart attack, and they did nothing to correct it."  Despite the fact that Defendant never employed Plaintiff, the paragraph seems to assert, without providing any basis, that the claim arises under the Texas Workers Compensation Act found in the Texas Labor Code.

2.      Defendant specially excepts that there is no viable cause of action based on a party failing to correct an alleged misrepresentation by another party.  There is no such cause of action in the Texas Labor Code or otherwise.  Thus, in addition to denying the allegation, Defendant would show that Plaintiffs' claims in this regard fail to state a viable cause of action and this allegation states no cause of action upon which relief can be granted.

**DOC. 65**

3.      Further, and in the alternative, Defendant specially excepts and objects that Plaintiff's allegations in this regard are inadequate and do not plead the elements of any claim or claims that Plaintiffs are attempting to allege pursuant to the Texas Labor Code or otherwise.

4.      Defendant further specially excepts to and objects that the allegation is vague and indefinite and fails to give fair and reasonable notice of the actual claims made against Defendant.  Defendant is therefore prejudiced as a matter of law and is denied the opportunity to properly prepare its defense.

As to the foregoing Special Exception, Defendant respectfully prays that the Court order the aforementioned allegations be stricken from Plaintiffs' pleadings, or at a minimum order that Plaintiffs re-plead with sufficient specificity and legal basis as to provide Defendant fair notice of the claims made against it.

## DEFENDANT'S ANSWER

### I.

Defendant enters a general denial in accordance with Rule 92 of the Texas Rules of Civil Procedure.

### II.

Defendant invokes the affirmative defense of contributory negligence and the proportionate responsibility framework of Chapter 33 of the Texas Civil Practice and Remedies code with respect to the conduct of Mr. Revilla.  Defendant likewise invokes the proportionate responsibility framework of Chapter 33 of the Texas Civil Practice and Remedies code with respect to any conduct of the other defendants named in this lawsuit, with respect to the conduct of any responsible third parties who are subsequently designated, and with respect to any and all "settling person[s]" as that term is defined by the Texas Civil Practice and Remedies Code.

2

## III.

The imposition of exemplary damages under the facts and circumstances of this case violates the United States Constitution and the Texas Constitution.  Alternatively and subject to the foregoing, Defendant invokes any and all limitations on damages sought in this matter that are found in Chapter 41 of the Texas Civil Practices and Remedies Code and elsewhere under applicable law, including but not limited to the limitation on the amount of such damages set forth in §§41.007 & 41.008, the heightened evidentiary standards in §41.003, any applicable factors precluding the recovery of such damages found in §41.004, the right to a bifurcated trial on the issue of exemplary damages in §41.009 (which Defendant retains but has not at this juncture requested), and the jury instruction requirements of §§41.010, 41.011 & 41.012.

## IV.

Further answering, and in the alternative, Defendant states that it is entitled under Chapter 33 of the Civil Practices and Remedies Code to a credit of any and all settlement amounts paid by any other party and/or Defendant as a result of the occurrence made the basis of this lawsuit.

## V.

Defendant further seeks a reduction of any alleged damages claimed, if any, by the Plaintiff pursuant to Chapter 33 of the Civil Practices and Remedies Code, including but not limited to Sections §33.012 and §33.013 et seq. of the Civil Practices and Remedies Code.

## VI.

Pleading further and in the alternative, Defendant pleads the affirmative defense of misuse.

BEAULITIGATION:1775514.1

DOC. 65

## VII.

Pleading alternatively in accordance with the Texas Rules of Civil Procedure, the occurrence in question, as well as the alleged damages claimed, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendant had no right of control nor for whom Defendant is legally responsible. Accordingly, in addition to the defense of proportionate responsibility, Defendant is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

## VIII.

Answering further herein, Defendant would show that while not admitting liability, which is specifically denied to the extent necessary, Defendant pleads that any claim for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value must be limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal Income Tax law. TEX. CIV. PRAC. & REM. CODE §18.091. Defendant invokes all limitations contained in Section 18.091 of the Texas Civil Practices and Remedies Code as to the recovery of such damages. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

## IX.

Answering further herein, Defendant would show that while not admitting liability, which is specifically denied to the extent necessary, Defendant pleads the defenses of contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapters 32 and 33 of the Texas Civil Practice &

BEAULITIGATION:1775514.1

**DOC. 65**

Remedies Code, as well as other applicable laws and statutes, again while Defendant simultaneously denies any and all liability alleged against it.

## X.

Defendant invokes the defense of failure to mitigate and/or that if Plaintiffs have failed to make and perfect any available claim for insurance, including worker's compensation insurance, or any other available method for reducing Plaintiffs' damages, then Plaintiffs have failed to mitigate such damages as required, and recovery for such damages, if any, should be reduced on that basis.

## XI.

Pleading further and in the alternative, Plaintiffs have made an election of remedies by applying for and accepting benefits under a worker's compensation policy subscribed to by Decedent's employer at the time of the incident giving rise to this lawsuit

## XII.

Pleading further and in the alternative, Defendant is a non-manufacturing seller and is therefore not liable for any alleged harm caused to Plaintiffs pursuant to Section 82.003 of the Texas Civil Practice and Remedies Code. Defendant is further entitled to statutory indemnity from the manufacturer of the equipment at issue in this case pursuant to Section 82.002 of the Texas Civil Practice and Remedies Code.

## XIII.

Pleading further and in the alternative, Defendant seeks presumption and a finding of no liability pursuant to Section 82.008(a) of the Texas Civil Practice and Remedies Code to the extent the equipment at issue complied with all applicable federal safety standards and regulations applicable at the time of manufacture.

5

DOC. 65

## XIV.

Pleading further, and in the alternative, Defendant asserts the "learned intermediary" doctrine and that the equipment at issue was sold or supplied to or, alternatively owned or operated by a sophisticated user.

## XV.

Further answering, and in the alternative, Defendant pleads the limitations applicable to prejudgment interest in Chapter 304 of the Texas Finance Code and the limitations on pre-judgment interest contained in the Texas Civil Practice and Remedies Code.

## XVI.

Further answering, and in the alternative, Defendant invokes Section 41.0105 of the Texas Civil Practices and Remedies Code and Defendant requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses incurred that the evidence to provide such loss must be limited to the amount actually paid or incurred by or on behalf of the Plaintiff. Defendant further requests the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by the Plaintiff are limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

## XVII.

Further answering, and in the alternative, Defendant pleads the inferential rebuttals of unavoidable accident, sole proximate cause, and new and independent cause.

## XVIII.

Pleading further and in the alternative, if the equipment at issue created any danger – any danger being expressly denied by this Defendant – such danger was open and obvious and apparent at all times material and, therefore, this Defendant owed no legal duty.

6

**DOC. 65**

## JURY DEMAND

Defendant respectfully requests a trial by jury and hereby tenders the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant H&E Equipment Services, Inc. prays that Plaintiffs' claims against Defendant be dismissed, for costs and other such relief, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**MEHAFFYWEBER, PC**
Attorneys for H&E Equipment Services, Inc.

By: _Barbara J. Barron_
Barbara J. Barron
State Bar No. 01817250
P.O. Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Facsimile: 409/835-5177
Barbarabarron@mehaffyweber.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to Plaintiff's counsel of record and all known defense counsel on this the 16th day of June, 2020 via electronic service.

_Barbara J. Barron_
Barbara J. Barron

7

BEAULITIGATION:1775514.1

**DOC. 65**



**TDI** | **Texas Department of Insurance**

PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

June 3, 2020

E-FILED 6/22/2020 11:42 AM

William J. Tinning
Law Office of William J. Tinning, PC
1013 Bluff Drive
Portland, Texas 78374

Re: Cause No. 20-02-60191-CV; styled *Melba M. Revilla, Individually and as Representative of the Estate of Jose Luis Revilla, Andrea Celeste Garcia and Jose L. Revilla, Jr. vs. Nabors Industries, Inc., Nabors Drilling Technologies USA, Inc., Brett Schellenberg, Individually and as Vice Principal and Area Manager for Nabors Industries, Inc., Nabors Drilling, USA, Inc., H&E Equipment Services, Inc., JLG Industries, Inc., American Zurich Insurance Company and Sedgwick Claims Management Services, Inc.; in the 79th Judicial District Court, Jim Wells County, Texas*

Dear Sir/Madam:

On May 20, 2020, the enclosed documents were received in the office of the Commissioner of Insurance for service of process. The documents received are being returned to your office for the reasons indicated below.

**Sedgwick Claims Management Services'** mailing address must be indicated on the citation. Please refer to the Texas Administrative Code, Title 28, Chapter 7, Rule §7.1414.

Since the serve fee has been received, another payment is not required.

Please let me know if you have any questions or need additional information.

Sincerely,

Tish Wilhelm
Tish Wilhelm
Program Specialist

Enclosures

c: Jim Wells County District Clerk
   *E-filed*

# DOC. 67

**ORIGINAL**

## CITATION – Personal Service

THE STATE OF TEXAS

COUNTY OF JIM WELLS

Filed 6/23/2020 9:40 AM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Emily Viera, Deputy

CAUSE NO. 20-02-60191-CV

TO: TEXAS SECRETARY OF STATE-CITATIONS UNIT, TEXAS SECRETARY OF STATE, JAMES E.RUDDER BUILDING, 1019 BRAZOS, ROOM 220 AUSTIN, TEXAS 78701.  THE SECRETARY OF STATE CAN SERVE DEFENDANT JLG MANUFACTURING, LLC BY SERVING ITS PRESIDENT, FRANK NERENHAUSEN, AT 1 JLG DRIVE, MCCONNELLSBURG, PA 17233

(or wherever he/she may be found) Notice to DEFENDANT      : You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M.on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| Court: | 79TH Judicial District Court, Alice, Jim Wells, Texas |
|---|---|
| Cause No.: | 20-02-60191-CV |
| Date of Filing: | JUNE 1, 2020 |
| Document: | PLAINTIFFS' EIGHT AMENDED PETITION WITH REQUESTS FOR DISCLOSURES |
| Parties in Suit: | MELBA M REVILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L. REVILLA, JR. VS. NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG, INDIVIDUALLY AND AS VICE PRINCIPAL AND AREA MANAGER FOR NABORS INDUSTRIES, INC., AND H&E EQUIPMENT SERVICES, INC. |
| Clerk: | R. David Guerrero, District Clerk, 200 N. Almond St., Ste. 207/P.O. Drawer 2219 Alice, TX 78333 |
| Party or Party's Attorney: | WILLIAM J. TINNING, Broadway Ave., Portland, Texas 78374__ |

Issued under my hand and seal of this said court on the this the _10_ day of _JUNE_____, 20 _20_____.

R. David Guerrero, District Clerk
Jim Wells County, Texas
BY: _____, Deputy
Sandra Garcia

### Service Return

Came to hand on the _____ day of _____, 20___ , at _____m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within  named

_____

_____ in person  a true copy of this citation, with attached copy(ies) of the _____at _____.

[ ] Not executed. The diligence use in finding DEFENDANT      being _____

_____

[ ] Information received as to the whereabouts of  DEFENDANT      being_____
.

| Service Fee: $  153.25 | Sheriff/Constable |
|---|---|
| | County, Texas |
| Service ID No. | Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Jim Wells County Courts to serve process.
Subscribed and sworn to before me on this the _____ day  of _____, 20__.

_____Notary Public

** Service by Rule 106 TRC if directed by attached Court Order



AFFIDAVIT ATTACHED

# DOC. 68

## AFFIDAVIT OF SERVICE

| State of Texas | County of Jim Wells | 79th Judicial District Court |
|---|---|---|

Case Number: 20-02-60191-CV

Plaintiff:
**MELBA M. R£VILLA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE THE
ESTATE OF JOSE LUIS REVILLA; ANDREA CELESTE GARCIA; JOSE L, REVILLA,
JR,,**

vs.

Defendant:
**NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.;
BRETT SCHELLENBERG, Individually and as Vice Principal and Area Manager for
NABORS INDUSTRIES, INC., and H&E EQUIPMENT SERVICES, INC.**

For:
William Tinning-NEW
Law Office of William J. Tinning
1013 Bluff Drive
Portland, TX 78374

Received by Kim Tindall & Associates on the 11th day of June, 2020 at 11:11 am to be served on **JLG Manufacturing, LLC by
serving its President Frank Nerenhausen through the Secretary of State, 1019 Brazos St, Austin, Travis County, TX
78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **11th day of June, 2020** at **2:55 pm, I:**

served the **SECRETARY OF STATE** by delivering a true copy of the **Two Copies of Citation, Plaintiff's Eighth Amended
Petition with Requests for Disclosures, and Jury Demand** with the date of service endorsed thereon by me, to: **Michelle
Robinson** at **1019 Brazos St, Austin, Travis County, TX 78701**, as the designated agent for the Texas Secretary of State to
accept service of process on behalf of **JLG Manufacturing, LLC by serving its President Frank Nerenhausen**.  An
administrative fee of $55.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in
the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and
correct.

Subscribed and sworn to before me on the 11th
day of June, 2020 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

**Kim Tindall & Associates
16414 San Pedro
Ste. 900
San Antonio, TX 78232
(210) 697-3400**

Our Job Serial Number: KTA-2020001062

**DOC. 68**

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

CAUSE NO.  20-02-60191-CV

| | | |
|---|---|---|
| MELBA M. REVILLA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| THE ESTATE OF JOSE LUIS REVILLA; | § | |
| ANDREA CELESTE GARCIA; | § | |
| JOSE L. REVILLA, JR.,        Plaintiffs | § | |
| | § | |
| VS. | § | 79TH JUDICIAL DISTRICT |
| | § | |
| NABORS INDUSTRIES, INC.; | § | |
| | § | |
| NABORS DRILLING TECHNOLOGIES | § | |
| USA, INC.; | § | |
| | § | |
| BRETT SCHELLENBERG, Individually | § | |
| and as Vice Principal and Area   Manager | § | |
| for NABORS INDUSTRIES, INC., | § | |
| | § | |
| NABORS DRILLING, USA, INC., | § | |
| | § | |
| H&E EQUIPMENT SERVICES, INC., | § | |
| | § | |
| JLG INDUSTRIES, INC.; | § | |
| | § | |
| AMERICAN ZURICH INSURANCE | § | |
| COMPANY; and, | § | |
| | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC., | § | |
| | § | |
| JLG MANUFACTURING, LLC, | § | |
|                 Defendants | § | JIM WELLS COUNTY, TEXAS |

**PLAINTIFFS' NOTICE OF NONSUIT AS TO DEFENDANTS NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES USA, INC.; BRETT SCHELLENBERG AND NABORS DRILLING, USA, INC., ONLY**

NOW   COME   Plaintiffs   and   files   this   their   NOTICE   OF   NONSUIT   AS   TO

DEFENDANTS **NABORS INDUSTRIES, INC.; NABORS DRILLING TECHNOLOGIES**

**USA, INC.; BRETT SCHELLENBERG; AND, NABORS DRILLING, USA, INC., <u>ONLY</u>**,

pursuant to Tex. R. Civ. P. 162.

Page **1** of **3**

DOC. 78

This Notice becomes effective immediately upon filing with the Court and requires no intervention by the Court.  In accordance with Tex. R. Civ. P. 162 providing for voluntary non-suits, the clerk shall enter this non-suit into the minutes of the Court.

All claims against the remaining Defendants, H&E EQUIPMENT SERVICES, INC.; JLG INDUSTRIES, INC.; JLG MANUFACTURING, LLC; AMERICAN ZURICH INSURANCE COMPANY; and, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. shall remain on file.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
Telephone:      (361) 643-9200
Facsimile:       (361) 643-9600
Email:   btinning@tinninglaw.com

By:     *William J. Tinning*
State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFFS**

**CO-COUNSEL:**
J. Michael Guerra
State Bar No. 08581310
LAW OFFICE OF J. MICHAEL GUERRA
P.O. Box 1968
Alice, Texas 78333
Telephone: 1(361)668-7344
Facsimile: 1(888)760-6961
Email: jmguerra67@yahoo.com

**LOCAL COUNSEL:**
Charles Barrera
The Law Office of Charles L. Barrera
700 E. Second St.
Alice, Texas 78332
Telephone:  361.664.2153
Facsimile:361.664.2155
Email: barreralawfirm@aol.com

DOC. 78

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was served in compliance with

Rule 21a of the Texas Rules of Civil Procedure, on all known counsel of record as indicated

below, on this the 24th day of July, 2020, to-wit:

**Via Email:** barbarabarron@mehaffyweber.com
Barbara J. Barron
**Via Email:** WadeCarpenter@mehaffyweber.com
Wade Carpenter
**MEHAFFYWEBER, P.C.**
P.O. Box 16
Beaumont, Texas 77704

**Via Email:** krowley@sheehyware.com
Mr. Kyle M. Rowley
SHEEHY,WARE &PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010

_William J. Tinning_
William J. Tinning

DOC. 78